**Ex parte Nicholas JOLLY, Appellant.**

No. 772–98.

Court of Criminal Appeals of Texas, En Banc.

Sept. 30, 1998.

 

Hal E. Turley, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

OVERSTREET, Judge, dissenting to the refusal of appellant's petition for discretionary review.

Appellant has filed a petition for discretionary review. He raises four grounds for review of the Dallas Court of Appeals' action affirming the trial court's refusal to lower his bail and its denial of his request to make bills of exceptions in question-and-answer form as to three witnesses. Appellant's petition notes that the court of appeals did not issue an opinion. Our records confirm that no opinion has been issued, but rather the Dallas Court of Appeals has issued a judgment stating, "The judgment of the trial court is **AFFIRMED**."

Rule 47.1 of the Texas Rules of Appellate Procedure requires courts of appeals to hand down a written opinion for each case on appeal. Specifically, the rule states:

> The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal. Where the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.

The court of appeals did not hand down a written opinion in the instant case. Rule 47.1 states that it *must* do so.

Yet for some unknown reason, a majority of this Court chooses to ignore the court of appeals' failure to comply with that rule. The court of appeals' failure to deliver an opinion as required certainly makes it easier to refuse appellant's petition—since we exercise our discretionary review power to review court of appeals opinions, if the court of appeals refuses to issue an opinion then there is nothing for this Court to review. That certainly saves the court of appeals the time and effort of researching and writing on the issues raised by the appeal, and it saves this Court the time and effort of considering whether to review an opinion thereon. Could that be the rationale for approving the Dallas court of appeals' unauthorized disposition without an opinion—judicial economy?

Since this Court, by refusing appellant's petition, is tacitly approving the court of appeals' unauthorized disposition without opinion, the Dallas Court and all of the other courts of appeals will be encouraged to resort to such unauthorized dispositions. No doubt we will all be seeing more such affirmances without written opinions. In fact, since this Court obviously approves of such disposition, then this Court could likewise dispose of submitted cases without issuing a written opinion. Issuing a judgment stating that the court of appeals' judgment is affirmed is much simpler than delivering a full-blow opinion discussing the issues raised on appeal.

Because the court of appeals has not complied with Rule 47.1, we should vacate its judgment and remand the instant cause to the court of appeals with instructions to comply with Rule 47.1 and "hand down a written opinion[.]" Because the majority does not do so, but instead chooses to approve of the court of appeals' unauthorized disposition without opinion, I dissent with principle.

BAIRD and MANSFIELD, JJ., join.