**CITY OF PORT ARTHUR, Appellant,**

v.

**SOUTHWESTERN BELL TELE-PHONE COMPANY and Public Utility Commission of Texas, Appellees.**

No. 03–99–00743–CV.

Court of Appeals of Texas,
Austin.

March 2, 2000.

Mark T. Sokolow, City of Port Arthur Legal Dept., Judith Sachitano Rawls, First Asst. City Atty., Port Arthur, for City of Port Arthur.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, P.C., Austin, for Southwestern Bell.

Mary A. Keeney, Asst. Atty. Gen., Natural Resources Division, Austin, for PUC.

Before Chief Justice ABOUSSIE, Justices KIDD and B.A. SMITH.

MARILYN ABOUSSIE, Chief Justice.

Appellant, the City of Port Arthur (the City), appeals the district court's striking of its plea in intervention. We will affirm.

## Background

On December 18, 1997, appellee Southwestern Bell Telephone Company (SWB) filed an application for rate group reclassification with appellee Public Utility Commission (the Commission). The application was referred to the State Office of Administrative Hearings for a hearing before an administrative law judge.[1] The

---

1. The record before us consists only of pleadings filed in the district court; it does not include the record from the underlying administrative proceeding or the complete record in the cause from which this matter was severed. The facts concerning the administrative proceeding are taken from the parties'

hearing was held in September 1998, and the judge issued a proposed decision on November 17, 1998. The Commission adopted the proposed decision on January 26, 1999. The City was not a party to and did not participate in the administrative proceeding. On January 29, 1999, after the Commission adopted the proposed decision, the City filed a motion to intervene in the proceeding and asked for reconsideration of the Commission's decision. The Commission did not act on the motion, which was overruled as a matter of law. The City did not file a motion for rehearing of the overruling of its intervention. SWB filed for judicial review of the Commission's decision in the district court, and the City filed a petition in intervention in the district court review proceeding. When it filed its petition in intervention, the City also served discovery on SWB. SWB objected to the discovery requests and, joined by the Commission, moved to strike the City's petition in intervention. The district court struck the petition and severed the City's action. The City now appeals the district court's striking of its petition in intervention.

## Analysis

On appeal, the City complains that the district court erred in denying it permission to intervene in SWB's suit for judicial review. This denial, argues the City, violates the Open Courts and Due Process provisions of the Texas Constitution. *See* Tex. Const. art. I, §§ 13, 19. The City also contends the district court erred in refusing it permission to conduct discovery

before overruling its petition in intervention.[2]

*Was the intervention properly denied?*

■ We review the denial of a petition in intervention for abuse of discretion. *See* Tex.R. Civ. P. 60; *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990); *Miami Indep. Sch. Dist. v. Moses,* 989 S.W.2d 871, 878 (Tex.App.—Austin 1999, pet. denied). A trial court abuses its discretion in denying an intervention if: (1) the intervenor could have brought the same action in its own name, at least in part, or, had the action been brought against it, could have defeated recovery, at least in part; (2) the intervention will not unduly complicate the case, and; (3) the intervention is almost essential to protecting the intervenor's interest. *See Guaranty Fed. Sav. Bank,* 793 S.W.2d at 657; *Moses,* 989 S.W.2d at 878. Once a motion to strike the intervention is filed, the would-be intervenor bears the burden of showing it has a justiciable interest in the lawsuit. *See Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex.1982); *Potash Corp. v. Mancias,* 942 S.W.2d 61, 64 (Tex.App.—Corpus Christi 1997, no writ). Generally, a motion to intervene must be made before judgment is rendered, and once judgment is rendered, a plea in intervention cannot be considered until the judgment has been set aside. *See State & County Mut. Fire Ins. Co. v. Kelly,* 915 S.W.2d 224, 227 (Tex.App.—Austin 1996, no writ).

■ Commission proceedings are governed by three sets of legislatively enacted

---

briefs to this Court and pleadings filed in the district court. *See* Tex.R.App. P. 38.1(f).

**2.** The City's issues on appeal are directed to the district court's denial of its intervention. Nevertheless, the City also criticizes, and the appellees defend, the underlying administrative proceeding. Further, the City represents that subsequent to the severance, the district court remanded SWB's rate application to the Commission for a new administrative hearing, and asks us to direct the Commission to allow the City to participate in the hearing. Our record on appeal does not contain the records from the administrative proceeding or from SWB's severed suit for judicial review. Those matters are not before us. This appeal concerns only the district court's striking of the City's petition in intervention; it does not concern events occurring in the cause from which it was severed or at the administrative level. We decline to instruct the Commission on its administrative proceedings and confine our analysis to the district court's actions complained about in this appeal.

procedures and rules—the Public Utility Regulatory Act (PURA),[3] the Administrative Procedure Act (APA),[4] and the Administrative Code.[5] *See* PURA § 11.007(a); 16 Tex. Admin. Code § 22.1(b)(1). Any party to a Commission proceeding is entitled to judicial review of that decision under the substantial evidence rule. *See* PURA § 15.001. As a prerequisite to obtaining judicial review of a Commission decision, the appealing party must have filed a motion for rehearing in the underlying administrative proceeding. *See* APA § 2001.145(a). The rules define parties to Commission proceedings as applicants, complainants, respondents, intervenors, or general counsel. *See* 16 Tex. Admin. Code § 22.102(a). An entity that has not intervened or has been denied permission to intervene in a Commission proceeding is not a party. *See id.* § 22.102(c).

The City did not participate in the administrative hearing in any capacity before the Commission issued its decision and did not obtain permission to intervene in the administrative proceeding; the City, therefore, was not a party to the proceeding and does not have a statutory right to judicial review of the Commission's decision. *See id.;* PURA § 15.001. After the overruling of its untimely filed motion to intervene in the administrative proceeding, the City did not file a motion for rehearing of that or any other Commission decision, as is required for judicial review. *See* APA § 2001.145(a). The City was not a party to the proceeding and did not file the requisite motion for rehearing. For either of those reasons, the City would be unable to bring an action for judicial review in its own name and therefore has not met its burden of showing its right to intervene in the district court. The City cites this Court to no authority entitling one to intervene in a district court suit for judicial review of an agency's decision concerning an administrative proceeding to which it was not a party. Thus, it has failed to demonstrate that the district court abused its discretion in striking the City's plea in intervention. We overrule the City's first issue on appeal.

*Did the City have the right to seek discovery?*

▉▉▉▉ Judicial review of an administrative decision made by the Commission is conducted under the substantial evidence rule. *See* PURA § 15.001. In conducting a substantial evidence review, generally the reviewing court considers only the evidence in the agency record. *See* APA § 2001.175(e). The reviewing court *may* (1) receive evidence of procedural irregularities alleged to have occurred before the agency, or (2) remand the cause to the agency for the presentation of additional evidence if a party applies to present such evidence and the reviewing court finds the evidence is material and good cause excused its absence from the record. *See id.* § 2001.175(c), (e). We review the decision of whether to remand a cause for additional evidence under section 2001.175(c) for an abuse of discretion. *See Gulf States Utils. Co. v. Coalition of Cities for Affordable Util. Rates,* 883 S.W.2d 739, 747–48 (Tex.App.—Austin 1994), *rev'd on other grounds sub nom. Gulf States Utils. Co. v. Public Util. Comm'n,* 947 S.W.2d 887, 891–92 (Tex.1997); *Buttes Resources Co. v. Railroad Comm'n,* 732 S.W.2d 675, 680 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

The City cannot be considered a party to this cause, as discussed above, and has no grounds to present new evidence under section 2001.175(c). Even if the City could attempt to present evidence, it has not shown it so applied or that it could have met the requirements of section 2001.175(c). Without the presentation to

---

3. Tex. Util.Code Ann. §§ 11.001–64.158 (West 1998 & Supp.2000).

4. Tex. Gov't Code Ann. §§ 2001.001–.902 (West 2000).

5. 16 Tex. Admin. Code §§ 22.1–.342 (1999).

the Commission of additional, material evidence, excused by good cause from inclusion in the administrative record, the district court's review was confined to the administrative record and the City was not entitled to present additional evidence. The City has not shown that the district court abused its discretion in denying the City the opportunity to seek discovery. We overrule the City's second issue on appeal.

*Open Courts and Due Process concerns*

The City argues that its exclusion from the district court proceedings violates the Open Courts and Due Process provisions of the Texas Constitution. *See* Tex. Const. art. I, §§ 13, 19. We disagree.

The City's claim that the district court's striking of the petition in intervention violated the City's due process rights fails because municipalities do not enjoy such rights. *See Proctor v. Andrews,* 972 S.W.2d 729, 734 (Tex.1998). To claim an "Open Courts" violation, the City must satisfy a two-part test, showing first that its recognized common-law cause of action is being restricted, and second, that the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990). The City's Open Courts argument fails because there is no common-law cause of action for judicial review of an agency's administrative act. *See Benavidez v. Travelers Indem. Co.,* 960 S.W.2d 422, 423 (Tex.App.—Austin 1998), *rev'd on other grounds,* 985 S.W.2d 458, 459 (Tex.1999); *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157 (Tex.App.—Austin 1993, writ denied). We overrule the City's third issue on appeal.

## Conclusion

Having overruled the City's issues on appeal, we affirm the district court's judgment striking the City's petition in intervention.