# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00205-CV

### Coastal Habitat Alliance, Appellant

v.

### Public Utility Commission of Texas; Barry T. Smitherman, Chairman; Kenneth W. Anderson, Jr., Commissioner; Donna L. Nelson, Commissioner; Texas Gulf Wind LLC; PPM Energy, Inc.; and AEP Texas Central Company, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-07-004164, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

The question before us is whether the district court properly granted the pleas to the jurisdiction filed by the Public Utility Commission and its Commissioners and the AEP Texas Central Company.[1] Contrary to the precedents of the Texas Supreme Court and this Court, the majority affirms the district court's order and, in doing so, perpetuates a "failure of justice"[2] that erodes confidence in the agency process and could easily have been resolved by the Commission itself in carrying out its core functions.[3] Because the allegations in the pleadings filed by the Coastal

---

[1] Because the interests of these parties are aligned, I refer to them collectively as the "Commission" unless otherwise noted.

[2] *See, e.g.*, *Krippendorf v. Hyde*, 110 U.S. 276, 285 (1884) (explaining that purpose of allowing parties to intervene in legal proceedings is to prevent a "failure of justice").

[3] Recognizing "the Commission's liberal policy of intervention," then-Chairman Paul Hudson stated in his dissent, "[T]he Commission's stance on intervention in CCN proceedings has

Habitat Alliance were sufficient to invoke the district court's jurisdiction to review the final order of the Commission under the Administrative Procedure Act, I would reverse the district court's order in part and remand for further proceedings.

The majority posits three basic conclusions:

(1)     The Administrative Procedure Act does not authorize a non-party such as the Alliance to independently pursue judicial review of a final order or decision of the Public Utility Commission;

(2)     Dismissal of the Alliance's claim for declaratory relief [was] proper because, by statute, the denial of the Alliance's intervention was a matter committed to the Commission's discretion and subject to review by mandamus; [and]

(3)     Although a constitutional due process claim may be asserted by a non-party to an administrative proceeding, the Alliance has failed to allege the deprivation of a vested property right as a result of the denial of its intervention.

For the reasons that follow, I would conclude that section 2001.171 of the APA provides an independent right of judicial review of the Commission's final order. Based on that conclusion, I would also conclude that any remedy available under the UDJA would be redundant of the remedies available under the APA and, therefore, I agree with the majority's conclusion that the district court properly dismissed the Alliance's claims to the extent they were brought under the

---

become too narrow and discourages a robust development of the record." *See* Order Denying Appeal of Order No. 5, at 4-5, *Application of AEP TCC to Amend a CCN for a 345-KV Double Circuit Transmission Line in Kenedy County, Texas*, PUC Docket No. 34298 (Pub. Util. Comm'n Oct. 29, 2007) (Paul Hudson, Chairman, dissenting), *available at* http://interchange.puc.state.tx.us/WebApp/ Interchange/Documents/34298_53_566364.PDF.

UDJA.[4]   I also agree with the majority's conclusion that the Alliance has failed to state a constitutional due process claim.   However, I disagree with the majority's conclusion that the Commission's order denying the Alliance's motion to intervene in the underlying administrative proceedings is subject to review only by mandamus.

### *Judicial Review Under the APA*

Relying on the supreme court's decision in *Texas Department of Protective & Regulatory Services v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004), the majority erroneously concludes that the Alliance cannot obtain judicial review under section 2001.171 of the APA because section 15.001 of the Public Utility Regulatory Act expressly provides that "[a]ny *party* to a proceeding before the [C]ommission is entitled to judicial review under the substantial evidence rule."   Slip op. at 6-7 (citing Tex. Util. Code Ann. § 15.001 (West 2007)) (emphasis added).   A reading of section 15.001, coupled with a proper application of the supreme court's

---

[4] The majority suggests that review is improper under the UDJA because the Commission's denial of the Alliance's intervention was a matter committed to the Commission's discretion. *See* slip op. at 10 (citing *Railroad Comm'n v. Ennis Transp. Co.*, 695 S.W.2d 706 (Tex. App.—Austin 1985, writ ref'd n.r.e.)).  The APA, unlike the UDJA, expressly provides that a court "shall reverse or remand" an agency order that prejudices substantial rights if the agency order is "arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion."  *See* Tex. Gov't Code Ann. § 2001.174(2)(F) (West 2008).  It is appropriate to observe that discretionary choices of a tribunal are not to be left to a body's "inclination," but to its judgment, which is guided by "sound legal principles."  *Unites States v. Burr*, 25 F. Cas. 30, 35 (D. Va. 1807) (No. 14,692d) (Marshall, C.J.).  In any event, the question whether the Commission's denial of the Alliance's intervention was an abuse of discretion goes to the merits of the Alliance's petition for judicial review and is, therefore, not before us in this interlocutory appeal from the district court's order granting the Commission's plea to the jurisdiction.

3

decision in *Mega Child Care*, demonstrates that the Alliance has an independent right of judicial review under section 2001.171 of the APA.

Section 2001.171 of the APA provides:

> A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

Tex. Gov't Code Ann. § 2001.171 (West 2008). Interpreting this provision in 2004, the supreme court held that section 2001.171 of the APA provided an independent right of judicial review in a contested case. *Mega Child Care*, 145 S.W.3d at 173, 196 (citing Tex. Gov't Code Ann. § 311.016(4) (West 2005) ("'Is entitled to' creates or recognizes a right.")). The supreme court's holding was based in part on the statutory language in APA section 2001.178 that states, "This subchapter [including sections 2001.171 through .178] is cumulative of other means of redress provided by statute." *Id.* at 173, 183 (citing Tex. Gov't Code Ann. § 2001.178 (West 2008)). The supreme court explained, however, that this independent right of judicial review was limited to situations in which an agency's enabling act "neither specifically authorizes nor prohibits judicial review of the decision." *Id.* at 173. The majority misreads this limitation, finding a deliberate legislative choice where none exists.

Section 15.001 of the PURA expressly provides judicial review only for "any *party* to a proceeding before the [C]ommission." Tex. Util. Code Ann. § 15.001 (emphasis added). As the majority recognizes, however, the Alliance was never admitted as a party to the underlying administrative proceeding before the Commission. Because it was not a party, the Alliance cannot

4

invoke section 15.001 of the PURA to obtain judicial review of the Commission's final order. But this does not preclude judicial review altogether. The plain language of section 15.001 does not specifically authorize judicial review by a non-party, nor does it specifically prohibit judicial review by a non-party. *See id.* The absence of statutory language with regard to non-parties is insufficient to create the presumption of nonreviewability. Applying the supreme court's precedent in *Mega Child Care*, then, I would hold that the Alliance has an independent right of judicial review under section 2001.171 of the APA. *See Mega Child Care*, 145 S.W.3d at 173.

This conclusion is consistent with this Court's decision in *West v. Texas Commission on Environmental Quality*, 260 S.W.3d 256, 260-62 (Tex. App.—Austin 2008, pet. denied). Although this Court in *West* concluded that the APA did not provide an independent right of judicial review, it did so because the water code expressly provided that a person was entitled to judicial review of the agency's decision. *See id.* at 260 (citing Tex. Water Code Ann. § 5.351(West 2000)). This Court's decision in *West* followed the general rule established by the supreme court in *Mega Child Care* and *Texas Natural Resources Conservation Commission v. Sierra Club*, 70 S.W.3d 809 (Tex. 2002), that courts look to an agency's enabling act to determine the procedures for obtaining judicial review of the agency's decision unless the enabling act is silent—i.e., it neither authorizes, nor specifically prohibits judicial review. *Mega Child Care*, 145 S.W.3d at 197; *Sierra Club*, 70 S.W.3d at 811. In *West*, this Court concluded that the APA did not provide an independent right of judicial review because section 5.351 of the water code expressly provided for judicial review of the agency's decision.

5

Contrary to this Court's reasoning in *West*, the majority concludes that "PURA is not silent" because section 15.001 "specifically authorizes judicial review only for parties" and, therefore, a non-party like the Alliance is not entitled to judicial review. *See* slip op. at 6-7. But the majority injects into section 15.001 a prohibition against judicial review by a non-party where none exists.

The plain language of PURA section 15.001 allows a party to the proceeding to seek judicial review of the Commission's decision. *See* Tex. Util. Code Ann. § 15.001. But section 15.001 says nothing about judicial review of the Commission's decision by a non-party. Section 15.001 is therefore silent on the matter of judicial review by a non-party because it neither authorizes judicial review by a non-party, nor does it prohibit judicial review by a non-party. *See Mega Child Care*, 145 S.W.3d at 197. Absent express statutory language prohibiting judicial review, a legislative intent to do so must be established by specific statutory history or other reliable evidence of intent, none of which is present in the record before us. *See id.* at 199. A proper reading of section 15.001 of the PURA in conjunction with the supreme court's holding in *Mega Child Care*, then, confirms that section 2001.171 of the APA provides an independent right of judicial review by a non-party such as the Alliance. *See id.* at 173, 197. As to section 15.001 of the PURA, I would resolve legislative silence in favor of an independent right of judicial review under section 2001.171 of the APA.

Clinging to outdated precedent, the majority asserts that its holding is consistent with this Court's prior holding in *City of Port Arthur v. Southwestern Bell Telephone Company*, 13 S.W.3d 841, 844 (Tex. App.—Austin 2000, no pet.), "that a non-party has no statutory right to

6

judicial review of a decision by the Public Utility Commission." Slip op. at 7. But the majority's

reliance on *City of Port Arthur* is misplaced because that case was decided four years prior to the

supreme court's decision in *Mega Child Care* and, therefore, this Court did not consider whether

section 2001.171 of the APA provided an independent right of judicial review to a non-party.[5]

The question then is whether the Alliance has satisfied the requirements for judicial

review under section 2001.171. By its plain language, section 2001.171 allows for judicial review

---

[5] Prior to the supreme court's holding in *Texas Department of Protective & Regulatory Services v. Mega Child Care, Inc.*, 145 S.W.3d 170 (Tex. 2004), this Court had "repeatedly held that [section 2001.171 of the APA] is a procedural provision that does not confer independent subject matter jurisdiction on the district court." *See id.* at 173 (quoting *Eldercare Props., Inc. v. Texas Dep't of Human Servs.*, 63 S.W.3d 551, 557 (Tex. App.—Austin 2001, pet. denied)); *see also Carrizales v. Texas Dep't of Protective & Regulatory Servs.*, 5 S.W.3d 922, 924 (Tex. App.—Austin 1999, pet. denied); *Employees Ret. Sys. v. Foy*, 896 S.W.2d 314, 316 (Tex. App.—Austin 1995, writ denied); *Southwest Airlines v. Texas High Speed Rail Auth.*, 867 S.W.2d 154, 158 (Tex. App.—Austin 1993, writ denied); *Motorola, Inc. v. Bullock*, 586 S.W.2d 706, 708-09 (Tex. Civ. App.—Austin 1979, no writ).

A careful reading of this Court's opinion in *City of Port Arthur v. Southwestern Bell Telephone Company*, 13 S.W.3d 841 (Tex. App.—Austin 2000, no pet.), reflects that the case could also have been decided on the ground that the City failed to exhaust its administrative remedies. The record of the underlying administrative proceeding at issue in *City of Port Arthur* was not before this Court on appeal, and the facts were taken from the parties' briefs. *See* 13 S.W.3d at 842 n.1. The opinion states that the City "complains that the district court erred in denying it permission to intervene in [Southwestern Bell]'s suit for judicial review," not that the Commission erred in striking the City's intervention in the underlying administrative proceeding. *See id.* at 843. Nothing in the opinion suggests that the City in that case, unlike the Alliance here, even attempted to intervene in the underlying administrative proceeding. Thus, having failed even to attempt to participate in the underlying administrative proceeding, the City could not have claimed that it had exhausted its administrative remedies and, therefore, would not have been entitled to judicial review under section 15.001 of the PURA or section 2001.171 of the APA. *See In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624-25 (Tex. 2007) (if agency has exclusive jurisdiction to resolve dispute, party must first exhaust administrative remedies before trial court has subject matter jurisdiction); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 227 (Tex. 2002) (until exhaustion occurs, trial court must generally dismiss related litigation without prejudice).

by (1) a person (2) who has exhausted all administrative remedies available within a state agency (3) who is aggrieved by a final decision in a contested case. The Commission does not dispute that the Alliance is a person within the meaning of the statute or that the Alliance was aggrieved by a final decision by the Commission in a contested case. The Commission challenges only whether the Alliance has exhausted its administrative remedies.[6]

The Commission argues that, even if the APA provides an independent right of judicial review, the Alliance failed to exhaust its administrative remedies because the Alliance failed to comply with the APA prerequisites regarding motions for rehearing. *See* Tex. Gov't Code Ann. §§ 2001.145 (requiring timely motion for rehearing as prerequisite to appeal); .146 (requiring motion for rehearing to be filed within 20 days after the date of final agency order and allowing for 45 days from date of final agency order for agency to act on motion for rehearing) (West 2008). Citing the supreme court's decision in *Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985), the Commission asserts that the Alliance's petition for judicial review was premature under the APA because the Alliance filed its petition for judicial review before it filed a motion for rehearing with the Commission and before the Commission either acted on the Alliance's motion for rehearing or the motion was overruled by operation of law. By failing to wait until the Commission acted on its motion for rehearing or wait until the motion was overruled by operation of law before filing its petition for judicial review, the Commission argues that the Alliance failed to exhaust its

---

[6] Because it concludes that section 15.001 of the PURA forecloses judicial review of the Commission's decision by a non-party, the majority declines to "resolve these issues concerning the APA." *See* slip op. at 8 n.8.

8

administrative remedies and, therefore, the district court lacked jurisdiction over the Alliance's petition for judicial review.

Placing form over substance, the Commission's argument ignores two significant factors applicable here: (1) neither the APA nor the Commission's procedural rules require, much less contemplate, that a non-party must file a motion for rehearing; and (2) the Alliance had already filed a motion for rehearing challenging the Commission's denial of its motion to intervene. Because I conclude that, under the circumstances of this case, the APA does not require a non-party like the Alliance to file a redundant motion for rehearing as a prerequisite for judicial review, I would conclude that the Alliance has satisfied the exhaustion requirement.

Section 2001.145 of the APA states that "a timely motion for rehearing is a prerequisite to an appeal in a contested case." *See* Tex. Gov't Code Ann. § 2001.145(a). And Texas courts, including this Court, have generally held that the failure to file a motion for rehearing deprives a district court of jurisdiction in a suit for judicial review of an agency's decision. *See Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995); *Vandygriff v. First Fed. Sav. & Loan Ass'n of Breckenridge*, 586 S.W.2d 841, 842 (Tex. 1979); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 395-96 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *see also* Tex. Gov't Code Ann. § 311.034 (West Supp. 2008) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). However, the statutory scheme for filing a motion for rehearing contemplates that one must have been a party to the underlying administrative proceeding in order to file a motion for rehearing. *See* Tex. Gov't Code Ann. § 2001.146(a) (specifying that a *party* may file a motion for rehearing within 20 days of

9

the date on which an agency order may become final under section 2001.144). This statutory scheme is consistent with the Commission's own procedural rules, which preclude a non-party from filing a motion for rehearing. *See* 16 Tex. Admin. Code § 22.264(a) ("Only a *party* who has been granted intervenor status may file a motion for rehearing." (Emphasis added.)).

Because the Commission denied the Alliance's motion to intervene and overruled the Alliance's appeal and motion for reconsideration of that decision, the Alliance was not a party within the meaning of section 2001.146(a) of the APA or the Commission's rules. *See* Tex. Gov't Code Ann. § 2001.003(4) (defining "party" as "a person or state agency named or admitted as a party"). 16 Tex. Admin. Code § 22.103(b) (2008) ("Persons desiring to intervene must file a motion to intervene and be recognized as a party under §22.104 of this title (relating to Motions to Intervene) in order to participate as a party in a proceeding."). As a non-party, the Alliance was not permitted to file a motion for rehearing under the APA or the Commission's rules. *See* Tex. Gov't Code Ann. § 2001.146(a); 16 Tex. Admin. Code § 22.264(a). Applying the statutory scheme to the facts and circumstances of this case, I would conclude that the Alliance, having already filed a motion for reconsideration, was not required to file a redundant motion for rehearing, and I would reject the Commission's argument that the Alliance has failed to exhaust its administrative remedies.

The policy behind requiring parties to exhaust their available administrative remedies is to encourage parties to resolve their dispute without resorting to litigation when an administrative procedure has been provided for that purpose. *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn by agr.); *Gregg County v. Farrar*, 933 S.W.2d 769, 773

10

(Tex. App.—Austin 1996, writ denied) (citing *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991)). This Court has recognized:

> An eminently practical reason for requiring exhaustion of remedies is that the complaining party may be successful in vindicating his rights in the administrative process and never have to resort to court. Notions of administrative autonomy require further that the agency be given first opportunity to discover and correct its own errors.

*Texas Air Control Bd. v. Travis County*, 502 S.W.2d 213, 215-16 (Tex. App.—Austin 1973, no writ); *see also McKart v. United States*, 395 U.S. 185, 194 (1969).

With regard to the requirement that one must file a motion for rehearing before seeking judicial review, the purpose of that requirement is to notify an agency of potential errors in its order to allow the agency an opportunity to correct such errors before resorting to litigation. *See Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 364-65 (Tex. 1983); *Coalition for Long Point Pres. v. Texas Comm'n on Envtl. Quality*, 106 S.W.3d 363, 373 (Tex. App.—Austin 2003, pet. denied). Thus, even if the Alliance was required to file a motion for rehearing to exhaust its administrative remedies, I submit that the Alliance's appeal to the Commission from the director's order denying intervention and the Alliance's motion for reconsideration of the Commission's order denying that appeal satisfied the Alliance's obligation to file a motion for rehearing. More importantly, the Alliance satisfied the underlying purpose of the exhaustion doctrine by providing the Commission with an opportunity to correct any alleged error before the Alliance resorted to litigation. *See Suburban Util. Corp.*, 652 S.W.2d at 364-65.

In the absence of a statutory mandate and when it serves no valid purpose, a court should not create unnecessary hoops through which a litigant must leap.

This is consistent with the concept and structure of judicial review under section 2001.171 of the APA. Unlike the provisions relating to motions for rehearing, section 2001.171 speaks in terms of "persons" not "parties." *See* Tex. Gov't Code Ann. § 2001.171. By its plain language, section 2001.171 allows a person who has exhausted all administrative remedies available within a state agency to seek judicial review of the agency's final decision. *Id.* Thus, the Legislature has contemplated that a person, who is not a party to the underlying administrative proceeding, may still seek review of the agency's final order. *Id.*

The Commission, however, faults the Alliance and argues on appeal that, in order to exhaust its administrative remedies, the Alliance was required to file yet another motion for rehearing regarding the denial of its intervention once the Commission issued the notice of approval of the CCN application, while acknowledging that any motion for rehearing filed by the Alliance would have been a nullity under the Commission's rules. Stated differently, "[l]ike the chess player who tries to win by sweeping the opponent's pieces off the table,"[7] the Commission uses the doctrine of exhaustion as both a sword and shield to avoid the Alliance's right to judicial review of the Commission's order denying intervention. But the Commission cannot have it both ways. As the supreme court recognized in *City of Corpus Christi v. Public Utility Commission*, "concern for efficient administrative procedure requires consideration of the validity of interim orders only upon

---

[7] *Ricci v. DeStefano*, Nos. 07-1428 & 08-328, 2009 U.S. LEXIS 4945, at *133 (2009) (Ginsburg, J., dissenting).

12

appeal from final orders." 572 S.W.2d 290, 299-300 (Tex. 1978). The Commission's notice of approval was final as to the Alliance on the date it was issued because as a non-party the Alliance was neither required nor permitted to file a motion for rehearing. *See* Tex. Gov't Code Ann. §§ 2001.145-146; 16 Tex. Admin. Code § 22.264(a). For these reasons, I would conclude that the Alliance satisfied its obligation to exhaust administrative remedies and was not required to file yet another motion for rehearing, and I would hold that the Alliance's petition properly invoked the jurisdiction of the district court.[8]

### *Jurisdiction under the UDJA*

Because I conclude that the APA provides an independent right of judicial review, I would also conclude that an action for declaratory relief under the UDJA would be redundant and, therefore, would not lie. *See Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex.

---

[8] Because I conclude that the Alliance was not required to file a motion for rehearing, I would also conclude that the Commission's reliance on *Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985), is misplaced. In that case, the supreme court determined that a district court lacked jurisdiction over a petition for review filed before an agency acted on a pending motion for rehearing or the motion was overruled by operation of law. *Id.* at 563. Since a motion for rehearing was not required under the facts of this case, the supreme court's holding in *Lindsay* is simply inapposite.

Alternatively, even if a motion for rehearing was required, the district court could have abated the proceedings either to allow the agency an opportunity to act on the motion for rehearing or, if the agency chose not to act, to permit the motion to be overruled by operation of law. *See, e.g.*, *Subaru of Am.*, 84 S.W.3d at 228 (quoting *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001) (where "'impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured'")); *cf.* Tex. R. App. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."); *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997) (applying former Tex. R. App. P. 58, now Tex. R. App. P. 27.1); *Aguirre v. Texas Dep't of Protective & Regulatory Servs.*, 917 S.W.2d 462, 465 (Tex. App.—Austin 1996, no writ) (same).

App.—Austin 2002, no pet.) (a declaratory judgment action will not lie to provide redundant remedies); *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied) (when statute provides avenue for attacking agency order, declaratory judgment action will not lie to provide redundant remedies); *Ben Robinson Co. v. Texas Workers' Comp. Comm'n*, 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied) (same). Accordingly, I agree with the majority's conclusion that the district court properly dismissed the Alliance's claims to the extent they were brought under the UDJA, but for different reasons than those expressed by the majority.[9]

I disagree, however, with the majority's assertion that the Alliance is not entitled to judicial review on the basis that the Commission's decision whether to permit the Alliance's intervention was a matter of discretion. While the UDJA may not provide an avenue of review for the discretionary acts of state officials, *see* slip op. at 12 (citing *City of El Paso v. Heinrich*, No. 06-0778, 2009 Tex. LEXIS 253, at *11 (Tex. May 1, 2009)), the APA states that a court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tex. Gov't Code Ann. § 2001.174(2)(F) (West 2008). Thus, the APA expressly provides an avenue for judicial review of discretionary acts of a state agency.

---

[9] With regard to the Alliance's claim that the district court erred in denying the Alliance leave to amend its pleadings to add a citation to the UDJA, I conclude this was not error based on my previous conclusion that the Alliance was entitled to judicial review under the APA. Because relief under the UDJA would have been redundant of any relief available to the Alliance under the APA, it was not error for the district court to disallow the pleading amendment.

14

***Due Process and Deprivation of a Vested Right***

I also agree with the majority's conclusion that the Alliance has not alleged a deprivation of a vested property right or otherwise asserted a violation of its constitutional rights and, therefore, is not entitled to judicial review on the ground that the Commission's order violates Due Process. *See, e.g.*, *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000). On this point, the Alliance simply confuses the concepts of an injury-in-fact necessary to confer standing, which the Alliance asserts through its allegations that its members utilize the affected area and will be harmed by the Commission's approval of TCC's application for a CCN, and deprivation of a vested property right, which they do not assert. As the majority recognizes, the alleged harm necessary to confer standing may be insufficient to demonstrate the deprivation of a vested property right entitled to constitutional protection on the grounds of Due Process.[10] *See* slip op. at 16.

***Review by Writ of Mandamus***

In a footnote at page 7 of its slip opinion, the majority suggests that the Commission's denial of intervention was subject to review only by mandamus. Slip op. at 7 n.6 (citing *State v. Thomas*, 766 S.W.2d 217, 218-20 (Tex. 1989) and noting that the Alliance does not appeal the dismissal of its request for mandamus relief). This suggestion is contrary to the majority's conclusion that the Commission's denial of the Alliance's intervention was a discretionary act.

---

[10] That is not to say that the Alliance's interest should be foreclosed from review altogether. As then-Chairman Paul Hudson explained in his dissent, the Alliance's concerns that the environment will be adversely affected, while not based in property ownership, is a concern that should have been examined by the Commission in the underlying administrative proceeding. *See* Order Denying Appeal of Order No. 5, at 5, *supra*.

15

If the majority is correct in its claim that the Commission's denial of the Alliance's intervention was a discretionary act, then review by mandamus would not lie because it is well established in Texas law that courts will not issue writs of mandamus to control or revise the exercise of discretion by trial courts in the performance of purely judicial as distinguished from ministerial acts. *See O'Meara v. Moore*, 178 S.W.2d 510, 514 (Tex. 1944) (orig. proceeding) (trial court cannot be compelled by mandamus to make particular findings); *Matlock v. Smith*, 71 S.W. 956, 956-57 (Tex. 1903) (orig. proceeding) (judge cannot be compelled by mandamus to enter a different judgment even if his judgment is erroneous); *Aycock v. Clark*, 60 S.W. 665, 666 (Tex. 1901) (orig. proceeding) (where act calls for the exercise of judicial discretion, mandamus will not lie to control that discretion). Applying this principle in the context of administrative proceedings, Texas courts also refrain from issuing writs of mandamus to control the exercise of discretion as opposed to ministerial acts by an administrative agency in adjudicative proceedings. *See Matlock*, 71 S.W. at 957 ("[E]ven as to an executive officer, if it be his duty to determine a question of fact, the courts will not control his decision by a writ of mandamus.").

The basic principle that mandamus will not lie to control the exercise of discretion explains the supreme court's grant of mandamus relief in *State v. Thomas*, 766 S.W.2d 217, 218-20 (Tex. 1989). In that case, the supreme court determined that the constitution required that the Texas Attorney General be allowed to intervene in administrative proceedings before the Commission to establish utility rates. *See id.* Because it was a ministerial act to allow the attorney general to perform his constitutional duty—and not an exercise of judicial discretion—the supreme court's grant of mandamus relief was appropriate. *Id.*

16

In this case, however, the majority contends that allowing the Alliance to intervene in the underlying administrative proceedings was an act subject to the Commission's discretion. If the majority is correct in this contention, then the majority is incorrect to suggest that the Commission's action denying intervention is subject to review by mandamus. *Compare Thomas*, 766 S.W.2d at 218-20, *with Matlock*, 71 S.W. at 957.

Additionally, the majority's suggestion that the Commission's order denying intervention is subject to review by mandamus would defeat the requirement that one must exhaust administrative remedies before seeking review of agency decisions. Because many administrative decisions are subject to judicial review under either an agency's enabling act or the APA, it is unnecessary to provide for such review by way of mandamus. The supreme court has consistently recognized that, where there is an adequate remedy by way of appeal, the extraordinary remedy of mandamus is inappropriate. *See In re McAllen Med. Ctr.*, 275 S.W.3d 458, 462, 464-69 (Tex. 2008); *Walker v. Packer*, 827 S.W.2d 833, 841-42 (Tex. 1992); *Iley v. Hughes*, 311 S.W.2d 648, 652 (Tex. 1958).

To allow mandamus review in the context of interim agency orders would also be contrary to the supreme court's holding that an agency's interim orders are reviewable, if at all, only upon appeal from final orders. *See City of Corpus Christi*, 572 S.W.2d at 299-300. Although exceptions to the exhaustion doctrine exist, such exceptions do not compel the availability of mandamus relief. For these reasons, I disagree with the majority's conclusion that the Commission's order denying the Alliance's intervention was subject to review only by mandamus.

17

**CONCLUSION**

Because I conclude that the APA provides an independent right of judicial review under the facts of this case, I respectfully dissent from the majority's conclusion that it does not. Albeit for different reasons, I agree with the majority's conclusions that the district court lacked jurisdiction to review the Alliance's claims under the UDJA and properly dismissed those claims. I also agree with the majority's conclusions that the Alliance has not alleged the deprivation of a vested property right or otherwise alleged the violation of a constitutional right and, therefore, is not entitled to judicial review on the ground of Due Process. However, I disagree with the majority's conclusion that the Commission's order denying intervention was subject to review only by mandamus. For these reasons, I would reverse the district court's order granting the pleas to the jurisdiction in part and remand for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: July 8, 2009

18