ACCEPTED
13-15-00105-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/21/2015 11:58:54 AM
Dorian E. Ramirez
CLERK

CAUSE NO. 13-15-00105-CV

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI AND EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/21/2015 11:58:54 AM
DORIAN E. RAMIREZ
Clerk

CROX QUINTANILLA,

*Appellant,*

VS.

LAW OFFICE OF JERRY J. TREVINO, P.C. and JERRY J. TREVINO,

*Appellees.*

ON APPEAL FROM
THE 347TH JUDICIAL DISTRICT COURT OF NUECES COUNTY, TEXAS,
CAUSE NO. 2013-DCV-2066-H
HONORALBE DAVID WELLINGTON CHEW, PRESIDING BY ASSIGNMENT

APPELLEES' BRIEF

J. A. CANALES
State Bar No. 03737000
**CANALES & SIMONSON, P.C.**
2601 Morgan Ave.-P.O. Box 5624
Corpus Christi, Texas 78465-5624
Telephone: (361) 883-0601
Telefax: (361) 884-7023

**ATTORNEYS FOR APPELLEES**
**LAW OFFICE OF JERRY J. TRVINO, P.C.**
**And JERRY J. TREVINO**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to the Texas Rules of Appellate Procedure 38, Appellees submit the following list of the parties, their designation, and their counsel in this appeal.

| | |
|---|---|
| Appellant: | Crox Quintanilla |

Counsel for Appellant:          Criag S. Smith
LAW PFFOCE PF CRAIG S. SMITH
14493 S.P.I.D., Suite A; P.M.B. 240
Corpus Christi, Texas 78418
Telephone:  361.728.8037
Email:  csslaw@stx.rr.com

*Appellate Counsel*

Rene Rodriguez
LAW OFFICES OF RENE RODRIGUEZ
433 South Tancahua
Corpus Christi, Texas 78401
Telephone:  361.882.1919
Telefax:       361.882.2042

*Trial and Appellate Counsel*

Appellees:          Law Office of Jerry J. Trevino, P.C. and
Jerry J. Trevino

Counsel for Appellees:          J. A. Canales
State Bar No. 03737000
**CANALES & SIMONSON, P.C.**
2601 Morgan Avenue – P.O. Box 5624
Corpus Christi, Texas 78465-5624
Telephone: 361.883.0601
Telefax:       361.884.7023
Email: tonycanales@canalessimonson.com

*Trial and Appellate Counsel*

i

**STATEMENT REGARDING ORAL ARGUMENT**

Appellees agree that there is no need for oral argument

**RECORD REFERENCES**

Citations to the Clerk's Record shall be referred to as "(C.R., page) and (Sup. C.R., page)".

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………………i

STATEMENT REGARDING ORAL ARGUMENT……………………………………….ii

RECORD REFERENCES……………………………………………………………………ii

TABLE OF CONTENTS……………………………………………………………………iii

INDEX OF AUTHORITIES…………………………………………………………………iv

STATEMENT OF THE CASE……………………………………………………………….1

ISSUES PRESENTED:

The issue before the Court is whether the Appellant's Petition to Intervene survived the Plaintiff's motion to non-suit. Absent an order granting a Motion to intervene, can the trial court in the granting of Plaintiff's Non suit and dismissal of the original suit include in the dismissal of the case the pending motion to intervene? Or did the Trial Court err in dismissing the Appellant's petition to intervene when the appellant did not have an order granting the intervention.  We submit there is no error…………………………………………………….............2

STATEMENT OF FACTS……………………………………………………………………2

SUMMARY OF THE ARGUMENT………………………………………………………...3

ARGUMENT………………………………………………………………………………..3

PRAYER……………………………………………………………………………………4

CERTIFICATE OF SERVICE……………………………………………………………5

CERTIFICATE OF COMPLAINCE……………………………………………………… 6

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                            **<u>PAGE</u>**

*City of Port Arthur v. Southwestern Bell Telephone Co.,*
*13 S.W. 3d 841, 843 (Tex. App.- Austin 2000, no pet.)………………………..4*

*Guaranty Fed. Sav. Bank v. Horseshore Oper. Co.,*
*793 S.W.2d 652, 657…………………………………………………………..3*

*In re Union Carbid Corp., 273 S.W.3d 152, 155 (Tex. 2008)…………………………..4*

*Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex. 1982)……………………………………..4*

*Shadowbrook Apartments vs. Abu-Ahmad, 783 S.W.2d 110, 211 (Tex. 1990)……….4*

*University of Texas v. Estate of Blackmon, 195 S.W.3d 98, 99 (Tex. 2006)………….4*

CAUSE NO. 13-15-00105-CV

---

IN THE THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI AND EDINBURG, TEXAS

---

CROX QUINTANILLA,

*Appellant,*

VS.

LAW OFFICE OF JERRY J. TREVINO, P.C. and JERRY J. TREVINO,

*Appellees.*

---

ON APPEAL FROM
THE 347TH JUDICIAL DISTRICT COURT OF NUECES COUNTY, TEXAS,
CAUSE NO. 2013-DCV-2066-H
HONORALBE DAVID WELLINGTON CHEW, PRESIDING BY ASSIGNMENT

---

APPELLEES' BRIEF

---

TO THE HONORABLE JUSTICES OF THE 13TH COURT OF APPPEALS:

COME NOW Appellees, Law Office of Jerry J. Trevino, P.C. and Jerry J. Trevino and hereby submit their Brief.

STATEMENT OF THE CASE

**Nature of the case:** Appellee sued Randall Barrera, individually, Rene Rodriguez, individually and Rene Rodriguez, trustee for various causes of action including breach of contract. (C.R. 5 Original Petition and Amended Petition C.R. 124). Appellee filed a motion to nonsuit all of the parties (C.R. 191-192). None of the original trial defendants, Randall Barrera, Rene Rodriguez, individually nor as Trustee have appealed and are not parties to this appellate proceeding.

1

Appellant filed a Petition to intervene. (C.R. pages 67 and 87). The Appellee challenged the intervention and filed a Motion to Strike the Intervention. (Sup. C.R. page 4).

**Course of Proceedings:** Prior to the Appellee's motion to nonsuit, Appellant filed a motion to intervene (C. R. 67). Appellee in response to the proposed intervention challenged and objected to the intervention and filed a Motion to Strike the Plea in Intervention on September 3, 2013 (Sup C.R. page 4). The Appellant did not obtain a ruling from the Court on the Appellant's Petition to Intervene. The trial court entered an order of dismissal of the non-suit of the Appellee's claims on September 24, 2014 (C.R. 191). On January 12, 2015, Appellee filed a Memorandum in Support of Motion to Strike/Dismiss the Intervention (C.R. 196) and on January 22, 2015 the Court granted the Appellee motion and dismissed the proposed intervention (C.R. pages 201 and 207). The Appellant appeals.

## ISSUES PRESENTED

The issue before the Court is whether the Appellant's Petition to Intervene survived the Plaintiff's motion to non-suit. Absent an order granting a Motion to Intervene, can the Trial Court in the granting of Plaintiff's Non suit and dismissal of the original suit include in the dismissal of the case the pending Motion to Intervene? Or did the Trial Court err in dismissing the Appellant's petition to intervene when the appellant did not have an order granting the intervention. We submit there is no error.

## STATEMENT OF FACTS

In outline style the following are the undisputed facts:

1.      The Appellee filed suit. (C.R. pages 5 & 124).

2.      The Appellant filed a petition for intervention. (C.R. pages 67 & 87).

3.      The Appellees filed Motions to Strike the Appellant Petition for Intervention.

(Sup. C. R. pages 4 and 55).

4.      The Appellee filed a non-suit of his Petition. (C.R. page 192) and the Court Granted the Motion of Nonsuit. (C. R. 191).

5.      Subsequently, the Court signed an Order of Dismissal of the Intervention. (C.R. pages 201 and 207).

The Appellate Record is clear and undisputed that there was a Motion to Strike the Appellants Petition for intervention at the time of the nonsuit and the Appellant never obtained a ruling from the Trial Court overruling the Appellees' Motion to Strike and permitting the Appellant's intervention to intervene.

## SUMMARY OF THE ARGUMENT

The issue before the Court is whether the Appellant's Petition to Intervene survived the Plaintiff's motion to non-suit. It is the contention of the appellee that once the Court received the Motion to Non-Suit and an Order of Dismissal was entered, because the pending Petition to Intervene was being challenged and had not been ruled on, and there was an absence of any affirmative relief pending by any defendant, there is no pending suit remaining for Appellant to intervene.  The Court is now without jurisdiction, the Petition to intervene was no longer before the court.  The Trial Court did not err in dismissing the Appellant's Plea In Intervention.

## ARGUMENT

In ***Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co., 793 S.W. 2nd 652, 657*** the court stated:

> "Without a motion to strike, the trial court abused its discretion in striking Petrolife's plea in Intervention."

Thus making it clear that a Motion to Strike the intervention is a prerequisite in order to object to the intervention.   Pending the challenge to the intervention, by a motion to strike, the intervention is not granted.

At Dorsaneo, Texas Litigation Guide at *5-82 Dorsaneo, Texas Litigation Guide § 82.10*

*explains it best by summarily stating:*

> 'Once the motion to strike is filed, the intervenor bears the burden to show a justiciable interest, legal or equitable, in the **lawsuit [*Mendez v. Brewer, 626 S.W.2d 498, 499 (Tex. 1982)* ; *City of Port Arthur v. Southwestern Bell Telephone Co., 13 S.W.3d 841, 843 (Tex. App.--Austin 2000, no pet.)*** (intervenor did not meet burden of showing right to intervene)]. It is the justiciable interest requirement that defines the category of nonparties who may interject their interests into a pending suit [*In re Union Carbide Corp., 273 S.W.3d 152, 155 (Tex. 2008)]*.

At the time of the Order granting the nonsuit the Appellant's Petition to Intervene had not been heard nor granted.  Because the Appellant's intervention was pending and had not been heard nor granted the Dismissal of the case also dismissed the Motion to Intervene. See Tex. R. Civ. Proc. Rule 60 and Rule 162. A voluntary dismissal or "nonsuit extinguishes a case from 'the moment the motion is filed' or an oral motion is made in open court: the only requirement is 'the mere filing of the motion with the clerk of the Court.'"   See: *University of Texas v. Estate of Blackmon, 195 S. W.3d 98, 99 (Tex. 2006) (quoting Shadowbrook Apartments v. Abu-Ahmad, 783 S.W.2d:110,211 (Tex. 1990).*  The instant suit was "extinguished" before the Petition to Intervene was ruled on, and the trial Court had no Jurisdiction to consider the Intervention and was not before the court upon the non-suit taken effect.

## PRAYER

For the reasons stated in this brief, Appellee asks the Court to overrule appellant's issues and to affirm the trial court judgment dismissing the Appellant Petition for Intervention.

Respectfully submitted,

*/s/ J. A. Canales*
J. A. CANALES
State Bar No. 03737000

4

**CANALES & SIMONSON, P.C.**
2601 Morgan Ave.-P.O. Box 5624
Corpus Christi, Texas 78465-5624
Telephone: (361) 883-0601
Telefax: (361) 884-7023

**ATTORNEYS FOR APPELLEES**
**LAW OFFICE OF JERRY J. TRVINO, P.C.**
**And JERRY J. TREVINO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *APPELLEES' BRIEF* was served via certified mail, return receipt requested on this 21st day of September, 2015 to the following:

Criag S. Smith
LAW PFFOCE PF CRAIG S. SMITH
14493 S.P.I.D., Suite A; P.M.B. 240
Corpus Christi, Texas 78418
Email: csslaw@stx.rr.com
*Appellant Counsel*

Rene Rodriguez
LAW OFFICES OF RENE RODRIGUEZ
433 South Tancahua
Corpus Christi, Texas 78401
*Trial and Appellate Counsel*

*/s/ J. A. Canales*
J. A. Canales

5

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedures, the undersigned counsel certifies that this brief complies with the type-volume limitations and contains 969 words.

/s/ J. A. Canales
J. A. Canales
Attorney for Defendants-Appellees
**Law Office of Jerry J. Trevino, P.C. and Jerry J. Trevino**