**Petition for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and Memorandum Opinion filed June 26, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00248-CV

### IN RE PRODIGY SERVICES, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-35849**

## MEMORANDUM OPINION

On March 28, 2014, relator Prodigy Services, LLC filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Wesley Ward, presiding judge of the 234th District Court of Harris County, to (1) dismiss the Office of the Attorney General (the "OAG") from the underlying lawsuit; (2) reverse his ruling denying Prodigy's motion for release of liens, and grant the motion; (3) conclude discovery in the case, and deny any discovery sanctions; and

(4) reverse his ruling denying Prodigy's motion to disburse settlement funds, and grant the motion. We conditionally grant the petition, in part, and deny it, in part.

## I. Background

Prodigy sued ENI US Operating Company in June 2012 for breach of contract. ENI deposed Christopher Spates, a managing member of Prodigy, on September 4, 2013. The OAG, on September 5, 2013, filed three child support liens against Spates's interest in the proceeds in Prodigy's suit against ENI.[1] The liens were in the amounts of $4,223.43, $21,463.13, and $53,374.02.

On October 1, 2013, Prodigy and ENI entered into a mediated settlement agreement. ENI agreed to pay $257,500 into the registry of the court on or before November 1, 2013 to settle Prodigy's claims. Furthermore, pursuant to the settlement agreement, Prodigy agreed to "indemnify[y] Defendant from any liability for the lien filed against Christopher Spates in this case by the Office of [the] Attorney General of the State of Texas."

On October 10, 2013, ENI filed a motion to deposit the settlement funds into the registry of the court, and the trial court held a hearing on October 28, 2013. The OAG appeared at the October 28, 2013 hearing and presented argument that the court should disburse the settlement funds to the OAG. Prodigy states that it objected to the OAG's appearance because the OAG was not a party to the suit and had not filed a plea in intervention. The trial court overruled Prodigy's objections

---

[1] Each lien names Spates as the obligor and states that the "lien attaches to all non-exempt real and/or personal property of the above-named obligor which is located or existing within this State/county of filing, including any property specifically described below." The property is described as "Any and All Proceeds in the following: *Prodigy Services LLC [v]. ENI Operating Co., Inc., Cause No. 201235849*[.]"

and allowed the OAG to present argument. The trial court signed an order granting ENI's motion and ordered that the settlement funds be deposited into the registry of the court.

Prodigy subsequently moved to release the OAG's liens, and the OAG filed a denial and request for a charging order, asking for an order (1) charging Spates's membership interest in Prodigy in the amount of $82,730.64 for payment of child support liens; (2) requiring Prodigy to distribute all cash and assets due Spates directly to registry of the court until the unsatisfied child support liens have been satisfied; and (3) requiring the court clerk to disburse funds from the registry of the court to the Texas Child Support Disbursement Unit to satisfy the child support liens. The trial court held a hearing on Prodigy's motion to release the liens and the OAG's request for a charging order on November 18, 2013. The trial court orally denied Prodigy's motion to release the liens at the hearing, but did not sign a written order. The trial court did not rule on the OAG's request for a charging order.

Prodigy moved to disburse the settlement funds from the registry of the court, and the trial court heard Prodigy's motion on December 16, 2013. At the hearing, the OAG moved to reopen discovery to allow the OAG to examine Prodigy's business records. The trial court denied Prodigy's motion to disburse, but the trial court granted the OAG's request to reopen discovery, and the OAG served requests for production on Prodigy.[2]

---

[2] Although the Harris County District Clerk's website shows that the OAG filed a request for a charging order, it does not reflect that the OAG filed a "motion to disburse." The Harris County District Clerk's website indicates that the OAG's *motion to disburse* was "Not Granted"

On January 28, 2014, Prodigy filed a motion for clarification, requesting that the trial court specify the reason it denied Prodigy's motion to disburse the settlement funds. During a February 10, 2014 hearing, the trial court stated that it would not clarify the order.

The trial court also heard the OAG's motion to compel discovery at the February 10, 2014 hearing. Prodigy admitted at the hearing that it had not filed a written response to the OAG's discovery requests. Prodigy explained that it objected, in a letter to the trial court dated January 8, 2014, to the trial court's asserted lack of jurisdiction. Prodigy also admitted at the hearing that it had not responded to the motion to compel. The trial court stated that it was granting the motion to compel and ordered the documents to be produced by February 21, 2014.

On March 12, 2014, the trial court held a hearing on another motion to compel discovery. Prodigy responded to the OAG's discovery requests by stating certain documents were not in Prodigy's possession, but filed no objections. The trial court observed that there were no objections to the requests and stated it was ordering Prodigy to produce what was in its "possession, care, custody, or control" within seven days.

A hearing was set for March 31, 2014 on the OAG's request for a charging order and/or motion to disburse. Prodigy filed its petition for writ of mandamus and motion to stay in this court. On March 28, 2013, we issued an order staying the March 31, 2014 hearing.

---

at the December 16, 2013 hearing. All other references by District Clerk's website are to the OAG's motion to disburse, rather than the request for a charging order.

4

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

# III. ANALYSIS

## A. The OAG's Intervention

In its first issue, Prodigy asserts that the trial court abused its discretion by allowing the OAG to become a party in the underlying case because the OAG did not file a plea in intervention in accordance with Rule 60 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 60.

Pursuant to Rule 60, "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." *Id.* The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam) (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)). To constitute a justiciable interest, an intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought in the original suit. *Id.* at 155. An intervenor is not required to secure the trial court's permission to intervene under Rule 60; the party who opposes the intervention has the burden to challenge it by a motion to strike. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. If any party to the pending suit moves to strike the intervention, the intervenors have the burden to show a justiciable interest in the pending suit. *Union Carbide Corp.*, 273 S.W.3d at 155. Although the trial court has broad discretion in determining whether an intervention should be stricken, the trial court abuses its discretion in striking a plea in intervention if (1) the intervenor could have brought or defeated recovery on the underlying

6

action had it been acting in its own right; (2) the intervention will not complicate the case by an excessive multiplication of the issues; and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657.

Prodigy contends that the OAG did not file a written plea in intervention or show that it had a justiciable interest in the lawsuit between Prodigy and ENI in accordance with Rule 60. The OAG filed three child support liens asserting a justiciable interest in the underlying suit. Prodigy acknowledges that the trial court implicitly ruled that the OAG's pleadings were sufficient to assert its justiciable interest based on the filing of the liens.

There is nothing in the mandamus record to reflect that Prodigy objected to the OAG's Rule 60 intervention. According to Prodigy, the OAG made an appearance at the October 28, 2013 hearing on ENI's motion to deposit the settlement funds into the registry of the court and presented argument that the trial court should disburse the settlement funds to the OAG for payment of Spates's child support arrearages. Prodigy states that it objected to the OAG's appearance at the hearing on the ground that the OAG had not filed a plea in intervention to become a proper party, and the trial court overruled its objection. Prodigy, however, informs this court that no court reporter's record was made of the October 28, 2013 hearing. Therefore, there is no record of Prodigy's objections to the OAG's appearance at the October 28, 2013 hearing.

Moreover, the mandamus record does not show that Prodigy filed a motion to strike the OAG's intervention or otherwise objected to the OAG's intervention based on lack of a justiciable interest. Therefore, the burden never shifted to the

OAG to show a justiciable interest. *See Union Carbide Corp.*, 273 S.W.3d at 155; *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657. We overrule Prodigy's first issue.

## B. Denial of Prodigy's Motion for Release of Liens

In its second issue, Prodigy claims that the trial court abused its discretion by denying Prodigy's motion for release of liens. Prodigy contends that the trial court lacked jurisdiction to enforce judgments from the 246th, 247th, and 315th District Courts.

There is neither a written order denying Prodigy's motion to release of liens nor a reporter's record containing an oral ruling by the trial court on Prodigy's motion. *See* Tex. R. App. P. 52.3(k)(1)(A) (requiring the relator to provide a certified or sworn copy of any order complained of ); *In re Keen Transp., Inc.*, No. 14-10-00075-CV, 2010 WL 307965, at *1 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, orig. proceeding) (mem. op.) (holding that relators did not establish entitlement to mandamus relief where they did not include in the mandamus record a written order or the portion of the reporter's record demonstrating an oral ruling). Therefore, we conclude that Prodigy has not shown that it is entitled to relief on its second issue and overrule it.

## C. Granting of the OAG's Discovery Requests

In its third issue, Prodigy raises two arguments regarding discovery. First, Prodigy claims the trial court abused its discretion by granting the OAG's motion to reopen discovery because the OAG did not file a plea in intervention and therefore is not a party to the case. This is based on the same argument we rejected in Prodigy's first issue. In the absence of the reporter's record of the October 28,

2013 hearing, we have no record of Prodigy's objection to the OAG's appearance at that hearing. Moreover, Prodigy did not file a motion to strike or otherwise object that the OAG's liens were insufficient to constitute a justiciable interest.

Second, Prodigy asserts that the OAG's discovery requests seeking Prodigy's financial information are overly broad and unduly burdensome and constitute a fishing expedition. Texas Rule of Civil Procedure 193.2(a) requires objections to written discovery to be in writing and provide the specific legal or factual basis for the objection. Tex. R. Civ. P. 193.2(a). Prodigy admitted at the February 10, 2014 and March 12, 2014 hearings that it had not objected to the OAG's discovery requests. Therefore, Prodigy waived its complaint that the OAG's discovery requests are overly broad and unduly burdensome and constitute a fishing expedition. *See In re Sand*, No. 14-13-00160-CV, 2013 WL 1384916, at *2 (Tex. App.—Houston [14th Dist.] Apr. 4, 2013, orig. proceeding) (mem. op.) (holding that relator waived complaints about overbroad discovery because no written objections were included in the mandamus record); *In re HEB Grocery Co., L.P.*, 375 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (holding that relator waived complaint about burdensome discovery by failure to object in the trial court, and the failure of the trial court to sustain an objection not made could not provide a basis for mandamus relief).[3] We overrule Prodigy's third issue.

---

[3] Moreover, Prodigy did not include a copy of the OAG's second motion to compel in the mandamus record. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

9

## D. Denial of Prodigy's Request for Disbursement of Funds

In its fourth issue, Prodigy claims that the trial court abused its discretion by denying Prodigy's motion to disburse settlement funds.[4] The OAG has applied for a charging order and also seeks to have the funds disbursed to it.

We review what a charging order is and the parameters under which it is used. The charging order is the method by which a judgment creditor of a member of a limited liability company or assignee reaches the membership interest. 20 Elizabeth Miller, et al., *Texas Practice Series: Business Organizations* § 20:20 (3d ed. 2013) (citing Tex. Bus. Orgs. Code Ann. § 101.112).[5] A judgment creditor of a

---

[4] Prodigy further argues in connection with this issue that the child support liens are improperly attached to the underlying case. However, we rejected Prodigy's second issue complaining of the trial court's denial of Prodigy's motion to release the liens because there is neither a written order nor a reporter's record containing the trial court's oral ruling.

[5] Section 101.112 of the Texas Business Organization's Code, entitled "Member's Membership Interest Subject to Charging Order," provides:

> (a) On application by a judgment creditor of a member of a limited liability company or of any other owner of a membership interest in a limited liability company, a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment.

> (b) If a court charges a membership interest with payment of a judgment as provided by Subsection (a), the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest.

> (c) A charging order constitutes a lien on the judgment debtor's membership interest. The charging order lien may not be foreclosed on under this code or any other law.

> (d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest.

member of a limited liability company may apply to the trial court having jurisdiction to "charge the membership interest of the judgment debtor to satisfy the judgment." Tex. Bus. Orgs. Code Ann. § 101.112(a). The member does not have an interest in any specific property of the company. Tex. Bus. Orgs. Code Ann. § 101.106(b) (West 2012). Therefore, a charging order only provides the judgment creditor of the member with the right to receive any distribution to which the member would be entitled to receive with respect to the membership interest. Tex. Bus. Orgs. Code Ann. § 101.112(b). Although the charging order is a lien on the membership interest of the judgment debtor, the judgment creditor may not foreclose on it. *Id.* § 101.112(c). Moreover, the judgment creditor of the member has no right to possess or exercise legal or equitable remedies with respect to the company's property. *Id.* § 101.112(f).

The Dallas Court of Appeals addressed the effect of a charging order in the context of a limited liability partnership. *See Stanley v. Reef Sec., Inc.*, 314 S.W.3d 659 (Tex. App.—Dallas 2010, no pet.). The court explained that, under section 153.256(d), a charging order is the exclusive remedy by which a judgment creditor of a partner may satisfy a judgment out of the judgment debtor's partnership interest. *Id.* at 664 (citing Tex. Bus. Orgs. Code Ann. § 153.256(d)). A

(e) This section may not be construed to deprive a member of a limited liability company or any other owner of a membership interest in a limited liability company of the benefit of any exemption laws applicable to the membership interest of the member or owner.

(f) A creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company.

Tex. Bus. Orgs. Code Ann. § 101.112 (West 2012).

partnership interest is not an interest in any specific property. *Id.* (citing Tex. Bus. Orgs. Code Ann. § 152.101). Instead, it is the partner's right to receive his distributive share of the profits and surpluses of the partnership. *Id.* A charging order entitles that judgment creditor to receive a partner's share of partnership profits. *Id.*

Previously, a judgment creditor could disrupt the business of an entire partnership by forcing an execution sale of the partner's interest to satisfy a nonpartnership debt. *Id.* The charging order developed as a way to prevent that type of interference with the business of the partnership. *Id.* Now, a creditor that obtains a charging order against a partner's interest in a partnership may not compel a distribution of profits by the partnership and does not obtain a right to participate in the partnership. *Id.* at 664−65. The charging order creates a lien on the debtor partner's distributive share of partnership profits, but does not give the creditor the rights of that partner. *Id.* at 665 (citing Tex. Bus. Orgs. Code Ann. § 153.256(c)). The judgment creditor is also prohibited from foreclosing on the lien. *Id.* (citing Tex. Bus. Orgs. Code Ann. § 153.256(c)). Because the debtor partner's interest in the partnership remains intact, the debtor partner has the ability to control the timing and amount of distributions, if any, by the partnership. *Id.* However, once a partnership distribution has been made to a partner, it ceases to be the partner's partnership interest, and becomes the partner's personal property. *Id.*

The *Stanley* court concluded that nothing in the plain language of section 153.256 precluded a judgment creditor from seeking the turnover of proceeds from a partnership distribution after that distribution has been made and is in the debtor partner's possession. *Id.* (citing Tex. Bus. Orgs. Code Ann. § 153.256).

Therefore, the charging order was not the exclusive remedy in the *Stanley* case. *See id.* The *Stanley* court recognized the exclusivity of the remedy of the charging order while also distinguishing between the remedies available to the creditor with respect to distributions already made to a debtor. 20 Elizabeth Miller et al., *Texas Practice Series: Business Organizations* § 20:20.

The narrow issues to be decided in this proceeding are whether the trial court abused its discretion by denying Prodigy's motion to disburse the settlement fund, and whether Prodigy has an adequate remedy by appeal. The OAG, although recognizing that Texas law does not permit a judgment creditor to foreclose on the lien created by a charging order, skips ahead of the necessary first step before any proceeds will be distributed to Spates: the distribution of the settlement proceeds to the limited liability company, Prodigy. As explained by the court in *Stanley*, a judgment creditor cannot use a charging order to compel a distribution of profits by the partnership and does not obtain a right to participate in the partnership. *See* 314 S.W.3d at 664−65. Similarly, a judgment cannot use a charging order to compel a distribution of proceeds by a limited liability company. *See* 20 Elizabeth Miller et al., *Texas Practice Series: Business Organizations* § 20:20.

While the trial court can charge Spates's membership interest in Prodigy pursuant to section 101.112(a), section 101.112(c) expressly prohibits the OAG from foreclosing on any future charging order it may obtain. *See* Tex. Bus. Orgs. Code Ann. § 101.112(a), (c). Moreover, as Spates's judgment creditor, the OAG "does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." *See id.* § 101.112(f). Therefore, the trial court cannot force Prodigy to make

distributions to its members, and the OAG will have to wait for Prodigy to make such distributions before it can attempt to satisfy the child support judgment against Spates. *See* Elizabeth N. Kozlow, *A Charging Order Conundrum: Is It Really the "Exclusive Remedy" of an LLC Member Judgment Creditor?*, 63 BAYLOR L. REV. 884, 886−87 (2011) ("As the exclusive remedy, a charging order may be a 'rather unsatisfactory remedy for the judgment creditor' of a member in that a 'judgment creditor with a charging order may be in a position of waiting indefinitely for any payments. If an LLC is not making distributions and there is no prospect of liquidation in the foreseeable future, a charging order on a member's interest may be of little value to the judgment creditor.'" (quoting 19 Robert W. Hamilton, T*exas Practice Series: Business Organizations* § 18.7, at 681 (2d ed. 2004))). In order for Prodigy to ever make any distributions to Spates, it will first have to receive the proceeds.

At the time Prodigy filed its petition for writ of mandamus, there was no order granting the OAG's request for a charging order or for disbursement of funds to the OAG. But for our stay issued on March 28, 2014, the OAG's request for a charging order or disbursement of the settlement proceeds was set to be heard by the trial court on March 31, 2014. Prodigy requests that we order the trial court to vacate its ruling that denied Prodigy's motion to disburse the settlement funds to itself, and grant Prodigy's motion. ENI informed this court that it was not going to file a response to Prodigy's petition because it had settled all claims with Prodigy and has no position on the issues in Prodigy's petition, which are centered on the disbursement of the settlement funds. Texas law makes clear that the OAG has no entitlement to the settlement deposited into funds in the registry of the court by

ENI. There is no reason for the trial court to refrain from ordering the settlement funds disbursed to Prodigy. Consequently, we conclude that the trial court abused its discretion by not granting Prodigy's motion to disburse settlement funds from the Prodigy/ENI litigation to Prodigy.

We next address whether Prodigy has an adequate remedy by appeal. The trial court has not ruled on the OAG's request for a charging order or disbursement of the funds. If the trial court orders the disbursement of the settlement proceeds directly to the OAG from the registry of the court, Prodigy may not be able to recover the funds once they are disbursed to the OAG. Therefore, we conclude that Prodigy does not have an adequate remedy by appeal, and sustain Prodigy's fourth issue.

In sustaining this issue, however, we make no comment on the validity of the OAG's request for a charging order, on which the trial court has yet to issue a ruling, and is not otherwise at issue in this mandamus proceeding.

## IV. CONCLUSION

We hold that the trial court abused its discretion by denying Prodigy's motion to disburse the settlements funds in the court's registry to Prodigy, and Prodigy does not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to set aside its December 16, 2013 order denying Prodigy's motion to disburse, and enter an order granting the motion. The writ will issue only if the

trial court does not act in conformity with this opinion.  We deny the remainder of the petition and lift our stay granted on March 28, 2014.



/s/    Marc W. Brown
Justice


Panel consists of Justices Boyce, Jamison, and Brown.