**In re UNION CARBIDE CORPORATION,**
Relator.

No. 07–0987.

Supreme Court of Texas.

Nov. 14, 2008.

Scott Richard Humphrey, Amy Pharr Hefley, for Union Carbide Corporation.

Tynan Buthod, for Union Carbide Corporation./Merck & Co., Inc.

Daryl L. Moore, Joann Storey, Lance H. Lubel, James Robert Black, Louis Jether Jones, II, Pamela Stanton Baron, for Mary Ellen Hall.

James B. Galbraith, Heather Diane Bradford, for BP Products North America, Inc.

Stephen C. Dillard, for Chevron Phillips Chemical Company, LP.

David A. Oliver, Jr., Sharon Kay Jackson Wendell, for DAP Products, Inc.

Robert Phillip Scott, for Delaware USS Corporation.

Andrew C. Schirrmeister, III, for E.I. Du Pont of Nemours and Company, Inc.

Janis Harlan Detloff, for 3M Company.

Boyd Sommers Hoekel, for Mallinckrodt Baker, Inc.

Roy Tress Atwood, Kathryn Becker Gameros, for Norcross Safety Products, LLC.

Larry W. Thorpe, for Scott Aviation.

Joshua Nathaniel Bowlin, for Shamrock Specialties, Inc.

Charles Stanton Perry, for Shell Chemical LP.

James M. Riley Jr., Stacy Kay Seidlitz, for Radiator Specialty Company.

PER CURIAM.

In this case, family members who survived John Hall intervened in a pending personal injury suit filed by Kenneth Moffett. Union Carbide, a defendant in both the pending suit and the intervention, filed a motion to strike the intervention. Instead of ruling on that motion, the trial court severed the Halls' claims into a new suit that then remained pending in the same court. We conclude that (1) the trial court abused its discretion by failing to rule on Union Carbide's motion to strike before considering whether to sever the intervention; (2) the trial court only had discretion to grant the motion to strike; and (3) Union Carbide does not have an adequate remedy by appeal. We conditionally grant mandamus relief.

On January 27, 2006, Kenneth Moffett filed a personal injury action in the 212th District Court of Galveston County. Moffett alleged that he was exposed to toxic chemicals distributed, marketed, or manufactured by fourteen defendants and that the exposure caused him to develop acute myelogenous leukemia. He claims to have been exposed to the chemicals from 1974 to 2000, including short periods of time in the mid–1970s and in the 1980s when he worked at the Union Carbide facility in Texas City.

On March 5, 2007, family members who survived John Hall intervened in Moffett's lawsuit. They alleged that Hall died from myelodysplastic syndrome caused by his exposure between 1963 and 1998 to toxic chemicals at Union Carbide's Texas City facility. Some, but not all of the defendants sued by the Hall survivors were also defendants in Moffett's suit. Union Carbide was a defendant in both the Moffett and Hall suits. Union Carbide filed a motion to strike the Halls' intervention because the Halls failed to show that they possessed a justiciable interest in the Moffett suit. The trial court conducted a hearing on the motion to strike but did not rule on it. Instead, the trial court severed the Halls' claims into a separate suit and directed the suit to be docketed and maintained on the regular docket of the court. Union Carbide petitioned the court of appeals for a writ of mandamus directing the trial court to rule on and grant its motion to strike. The court of appeals denied the petition. 2007 WL 3105886.

In this Court, Union Carbide argues that the trial court abused its discretion by both refusing to rule on its motion to strike the intervention and refusing to grant the motion because the Halls did not show a justiciable interest in the Moffett suit. Union Carbide also urges it does not have an adequate appellate remedy and that the benefits of mandamus review outweigh the detriments.

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading subject to being stricken out by the court for sufficient cause on the motion of any party." The rule authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990). Because intervention

is allowed as a matter of right, the "justiciable interest" requirement is of paramount importance: it defines the category of non-parties who may, without consultation with or permission from the original parties or the court, interject their interests into a pending suit to which the intervenors have not been invited. Thus, the "justiciable interest" requirement protects pending cases from having interlopers disrupt the proceedings. The parties to the pending case may protect themselves from the intervention by filing a motion to strike. *Id.* If any party to the pending suit moves to strike the intervention, the intervenors have the burden to show a justiciable interest in the pending suit. *Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex.1982).

■ To constitute a justiciable interest, "[t]he intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought" in the original suit. *King v. Olds,* 71 Tex. 729, 12 S.W. 65, 65 (1888). In other words, a party may intervene if the intervenor could have "brought the [pending] action, or any part thereof, in his own name." *Guar. Fed. Sav. Bank,* 793 S.W.2d at 657.

■ In this case, the Halls' petition in intervention only briefly addressed their interest in the Moffett suit:

In the original action, Moffett claims exposure to benzene and benzene-containing products at premises including Union Carbide in Texas City and against some, if not all, of the Defendants that Intervenors are making claims. Intervenors are entitled to a recovery against the defendants and Intervenors' claims [that] arise out of the same transaction and/or series of transactions and have common questions of law and/or fact with the claims in the original action.

Neither party introduced evidence at the hearing on Union Carbide's motion to strike. In their brief the Halls claim to have met their burden of showing that they had a justiciable interest in the Moffett suit. They primarily base their argument on allegations that Hall and Moffett suffered from similar blood disorders resulting from exposure to benzene at Union Carbide's facilities. Yet the Halls do not assert that they could have brought any part of Moffett's claim. While there is a real controversy between the Halls and Union Carbide—whether John Hall's exposure to toxic chemicals while working at Union Carbide caused his disease—the Halls make no claim that their controversy will be affected or resolved by resolution of the Moffett case. Accordingly, the Halls fail to demonstrate a justiciable interest in Moffett's suit and are not entitled to intervene in the Moffett suit.

■ The Halls assert that even if they did not properly intervene in Moffett's suit, the trial court had discretion to sever their claims rather than striking them. First, the Halls claim that their petition met the standard for permissive joinder found in Texas Rule of Civil Procedure 40, and therefore, the trial court could properly sever their claims under Rule 41. *See* Tex.R. Civ. P. 41 (providing that "actions which have been improperly joined may be severed"). But the joinder standard does not control here because this was an intervention, and the two are distinct. *Compare* Tex.R. Civ. P. 40(a) (providing the requirements to join in an action as a plaintiff), *with Guar. Fed. Sav. Bank,* 793 S.W.2d at 657 (providing the requirements to intervene in an action). Permissive joinder relates to "proper parties to an action who may be joined or omitted at the *pleader's* election." 1 Roy

W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 5:29 (2d ed.2004)(emphasis added). Permissive joinder and intervention are authorized and permitted by separate rules, and the rules provide different processes for addressing the different situations. Tex.R. Civ. P. 41, 60. Because interventions by uninvited participants have potential for disrupting pending suits, trial courts should rule on motions to strike interventions before considering other matters such as severance.

The Halls reference *Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380, 382 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ), in which the court stated that a trial judge may "proceed to trial of the intervention claim; he may sever the intervention; he may order a separate trial; he may strike the intervention for good cause." *See also Saldana v. Saldana*, 791 S.W.2d 316, 320–21 (Tex. App.-Corpus Christi 1990, no writ).[1] However, Rule 60 does not provide for such options as equal alternatives; it provides only that an intervention is "subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P.

The Halls further argue that mandamus relief is not proper because the Court cannot prescribe the manner in which the trial court exercises its discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (noting that mandamus relief is available to correct a trial court's clear abuse of discretion). The Halls' argument assumes that Rule 60 afforded the trial court discretion to refuse to rule on Union Carbide's motion to strike before it considered severing the Hall case from the Moffett case. It did not. The trial court abused its discretion in failing to first rule on the motion to strike. Furthermore, the Halls did not show that they possessed any justiciable interest in the Moffett lawsuit. They did not show that they had standing to have brought and recovered for any part of Moffett's claim. Accordingly, the trial court had no discretion to deny Union Carbide's motion to strike the petition in intervention.

■■■ For mandamus to issue, a relator must show that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136. Union Carbide claims that the benefits of mandamus review outweigh the detriments because (1) the issue presented is one of law that is likely to recur, yet eludes an answer by appeal; (2) the trial court's action effectively establishes a template for circumventing procedures for random assignment of cases in multi-court counties[2]; (3) it will be difficult or impossible to show on appeal that the deprivation of a randomly assigned judge entitles Union Carbide to appellate relief; (4) the effective initiation of suit by intervention and severance deprived Union Carbide of procedural rights afforded to defendants in original actions; and (5) granting mandamus will not result in any, or at most, negligible detriment. We agree with Union Carbide.

---

1. While *Stewart* and *Saldana* state that a trial court may sever an intervention, a severance was not granted in either of those cases. The trial court severed a petition in intervention in *Schwartz v. Taheny*, 846 S.W.2d 621, 623 (Tex.App.-Houston [14th Dist.] 1993, writ denied), but the parties agreed to the severance.

2. Cases such as the Halls' are subject to random assignment in Galveston County. *See* Galveston (Tex.) Dist. Ct. Loc. R. 3.10.

Regardless of the other benefits claimed by Union Carbide, there is significant benefit from mandamus relief in regard to the random-assignment-of-cases question. Random assignment of cases is designed to prevent forum-shopping. Practices that subvert random assignment procedures breed "disrespect for and [threaten] the integrity of our judicial system." *See In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997). We need not consider whether the intervention was intended to circumvent Galveston County's local rule requiring random assignment of cases because regardless of the Halls' intent, the intervention and the trial court's abuse of discretion in failing to rule on and grant the motion to strike resulted in circumvention of the random assignment rule. In regard to any detriment to the parties, the Halls' claims have now been filed as a separate lawsuit that is pending in Galveston County. There will be insignificant detriment to either party or the judicial system if mandamus relief is granted. On balance, mandamus review is warranted because the benefits of establishing the priority that trial courts must give to ruling on motions to strike interventions and re-emphasizing the importance of both appearance and practice in maintaining integrity of random assignment rules outweigh any detriment to mandamus review in this instance. Thus, Union Carbide does not have an adequate remedy by appeal.

Without hearing oral argument, we conditionally grant the writ of mandamus and direct the trial court to vacate its severance order and enter an order granting Union Carbide's motion to strike. *See* TEX.R.APP. P. 52.8(c). The writ will issue only if the trial court does not do so.