



## MEMORANDUM OPINION

No. 04-09-00762-CV

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**,
Appellant

v.

Della **KALENKOSKY**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-06163
Honorable Larry Noll, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  April 20, 2011

AFFIRMED

The Office of the Attorney General of Texas ("OAG") appeals from an order requiring it

to pay attorney's fees and costs to Della Kalenkosky ("Della"). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1985, Della married Anthony Kalenkosky. On January 12, 1989, Della and Anthony

signed a partition agreement, which was subsequently recorded in the county deed records. In

this agreement, Anthony and Della agreed to partition all of their community property so that

each of them would own his or her share of any community property as his or her separate property. They also agreed to partition any future income from personal earnings so that all future earnings from their respective personal services would be categorized as the separate property of the earning spouse. Finally, they agreed that their residence, a house located on Nobhill in San Antonio, Texas, was Della's separate property.

On May 12, 2000, while Della and Anthony were still married, the OAG filed a motion for enforcement against Anthony to collect child support he owed to his former wife, Karen El Rady. Anthony was ultimately found to be in child support arrears, and a judgment of $73,817.50 was rendered against him. During the enforcement proceedings, Della testified that she had sold the Nobhill house and had not made any money from the sale. Della further testified she and Anthony lived in a house located on Pembroke Road in San Antonio. Della acknowledged that both her name and Anthony's name were on the title, but testified that Anthony had no ownership interest in the Pembroke house, and that she owned it as her separate property. As support, Della cited the partition agreement. Della also stated she had used her own separate funds to make the down payment on the Pembroke house, and she had paid all the mortgage payments and taxes; Anthony had contributed nothing to the Pembroke house. In addition, Anthony testified he owned no assets valued over $5,000.00. Finally, throughout the enforcement proceedings, Anthony's attorney maintained that Anthony had no ownership interest in the Pembroke house.

On September 24, 2004, Della filed a petition for divorce. Anthony, who was served by substituted service, did not appear. On March 8, 2005, a divorce decree was signed. In awarding Della the Pembroke house as her sole and separate property, the divorce decree referenced the parties' partition agreement.

On November 4, 2004, the OAG filed a notice of child support lien in the amount of $73,817.50 in the county deed records. The lien attached to "all non-exempt real and/or personal property of [Anthony Kalenkosky] which is located or existing within the State/county of filing."

More than three years after the divorce decree was signed, on April 16, 2008, Anthony filed a petition for bill of review to set aside the divorce decree. In the bill of review petition, Anthony alleged he was not properly served in the divorce action.

On July 28, 2008, the OAG intervened in the bill of review action. The intervention alleged that Anthony's unpaid child support judgment could be satisfied with the community and separate property owned by Anthony that was improperly transferred in the divorce decree.

Della appeared in the bill of review action. Not only did Della move to strike the OAG's intervention, she also moved for sanctions and attorney's fees. In her sanctions/attorney's fees motions, Della asserted Anthony could not have had an ownership interest in the Pembroke house, and the OAG was aware of this fact. She alleged "the AG's intervention in this bill of review action [was] groundless" and there was "no basis in law or fact for any of the AG's contentions made in its intervention." Della's motions sought sanctions and/or attorney's fees on multiple grounds, including Rules 13 and 215.2(b) of the Texas Rules of Civil Procedure; chapters 9, 10, 38, and 105 of the Texas Civil Practice and Remedies Code; and section 106.002 of the Texas Family Code.

The trial court denied Anthony's bill of review, struck the OAG's intervention, and granted Della's motions for sanctions/attorney's fees against the OAG. The trial court also ordered the OAG to pay $14,000 in attorney's fees and $530.78 in costs. The trial court rendered judgment in favor of Della. The OAG appealed. No findings of fact and conclusions of law were filed.

## STANDARD OF REVIEW

We review a trial court's award of sanctions under the abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied). A trial court abuses its discretion in imposing sanctions if the order is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 347-48 (Tex. App.—San Antonio 2006, pet. denied). In reviewing a sanctions order, we consider the entire record that was before the trial court. *Herring*, 27 S.W.3d at 143. We review conflicting evidence in the light most favorable to the trial court's ruling, and draw all reasonable inferences in favor of the trial court's judgment. *Id*. And, when, as here, the record contains no findings of fact and conclusions of law, we imply all necessary findings of fact to support the trial court's ruling. *Burns v. Burns*, 116 S.W.3d 916, 920 (Tex. App.—Dallas 2003, no pet.); *In the Interest of A.D.H*, 979 S.W.2d 445, 448 (Tex. App.—Beaumont 1998, no pet.).

## APPLICABLE LAW

One of the grounds for sanctions asserted by Della was chapter 105 of the Texas Civil Practice and Remedies Code, which governs frivolous claims by state agencies. Section 105.002 of this chapter provides:

> A party to a civil suit in a court of this state brought by or against a state agency in which the agency asserts a cause of action against the party, either originally or as a counterclaim or cross claim, is entitled to recover, in addition to all other costs allowed by law or rule, fees, expenses, and reasonable attorney's fees incurred by the party in defending the agency's action if:
>
> (1) the court finds that the action is frivolous, unreasonable, or without foundation; and
>
> (2) the action is dismissed or judgment is awarded to the party.

TEX. CIV. PRAC. & REM. CODE ANN. § 105.002 (West 2005). Thus, a party is entitled to attorney's fees under section 105.002 if the agency's action is (1) "frivolous, unreasonable, or without foundation," and (2) judgment is awarded in favor of the party. *Id.* In determining whether the trial court should have awarded attorney's fees under chapter 105, courts look at the agency's cause of action, and not whether particular incidents of the agency's conduct were frivolous, unreasonable, or without foundation. *Black v. Dallas Cnty. Child Welfare Unit*, 835 S.W.2d 626, 630 (Tex. 1992).

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. An intervenor must have standing, that is, some present justiciable interest in the subject matter of the suit. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154-55 (Tex. 2008) (orig. proceeding). "To constitute a justiciable interest, the intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought in the original suit." *Id.* at 155. In other words, a party may intervene if he could have brought the same action, or any part thereof, in his own name. *Id.* (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)).

**DISCUSSION**

The OAG argues the trial court's order is not supportable on any of the grounds presented in Della's motions for sanctions/attorney's fees. The order does not specify the ground or grounds upon which it is based. Thus, if the trial court's order can be justified on any of the grounds presented, it must be affirmed.

The OAG does not dispute that it asserted a cause of action, or that judgment was awarded in favor of Della as required by chapter 105. Instead, the OAG argues the trial court abused its discretion in finding its intervention to be "frivolous, unreasonable, or without foundation." The OAG contends it could have formed a reasonable belief that Anthony's bill of review action would result in the divorce decree being set aside, and that upon re-trial, Anthony would be found to have an ownership interest in the Pembroke house from which his unpaid child support judgment could be paid.

The OAG argues it reasonably believed Anthony had an ownership interest in the Pembroke house for two reasons. First, the OAG points to evidence in the record showing that title to the Pembroke house was in both Della's and Anthony's names. Second, the OAG points to tax exemption forms filed with the appraisal district.

Generally, whether property is separate or community is determined by its character at its inception. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001). When a spouse uses separate property to pay for property acquired during the marriage and takes title to it in the names of both spouses, it is presumed that the purchasing spouse intended to give the other spouse an undivided one-half interest in the property. *Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex. 1975); *Long v. Long*, 234 S.W.3d 34, 37 (Tex. App.—El Paso, 2007 pet. denied). This presumption, however, can be rebutted by evidence clearly establishing no intention to make a gift. *Cockerham*, 527 S.W.2d at 168; *Long*, 234 S.W.3d at 37.

Here, the evidence showed that at the time of inception of title, the Pembroke house was characterized as separate property because it was acquired by the use of separate property funds. There was also evidence that, even though the Pembroke house was titled in both Anthony's and Della's names, Della had no intention to make a gift to Anthony for an undivided one-half

interest in the Pembroke house. After reviewing the evidence in the record, particularly the parties' partition agreement and the evidence presented in the child support proceedings, the trial court could have concluded it was unreasonable for the OAG to conclude Anthony had an ownership interest in the Pembroke house based on its title.

Second, the OAG relies on tax exemption forms filed with the appraisal district. These forms list both Anthony and Della as the owners of the Pembroke house. They also show Della and Anthony applied for a residential homestead exemption on the Pembroke house in April 2001, and Anthony applied for a disability exemption on the Pembroke house in April 2004. Both forms were filed after the Pembroke house was purchased in 2000. In arguing it was reasonable for it to believe Anthony had an ownership interest in the Pembroke house, the OAG emphasizes that the statute granting the disability exemption specifically restricts its benefit to the owner of the property. *See* TEX. TAX. CODE ANN. § 11.13(j)(1) (West 2008); *Ripley v. Stephens*, 686 S.W.2d 757, 759 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (construing former statute granting disability exemption). But, given the law on characterizing marital property and the other evidence in this case, the exemption forms do not establish that Anthony had an ownership interest in the Pembroke house. Thus, the trial court was not required to conclude it was reasonable for the OAG to believe Anthony had an ownership interest in the Pembroke house based on the exemption forms.[1]

---

[1]At the hearing, the following exchange took place:

> OAG:    So [Anthony] does have an interest in that property, Your Honor. He clearly received the disability exemption and you have the Bexar County Appraisal District records that I would offer as State's Exhibit 1. He's received those exemptions since 2001 on that property. And so he could not have received those exemptions according to the Texas Property Code unless he was the owner of the property. So we are asking—

> Trial Court:  Did you ever think maybe he defrauded the taxing authority?

Viewing the evidence in the light most favorable to the trial court's ruling, the record shows the parties entered into a partition agreement in 1989, in which they agreed that all community property acquired during their marriage would be separate property. More than a decade later, during the child support proceedings, Della testified that she owned the Pembroke house as her separate property, and Anthony had no ownership interest in it. This testimony was not disputed by Anthony. In fact, during the child support proceedings, Anthony consistently took the position that he had no ownership interest in the Pembroke house. The OAG participated in these proceedings and was well aware of Della's and Anthony's positions with respect to the ownership of the Pembroke house. Additionally, as the OAG admits in its brief, the OAG had an agreement with Anthony to use any interest he recovered in the Pembroke house to satisfy his unpaid child support judgment. Drawing all reasonable inferences in favor of its ruling, the trial court could have concluded that Anthony changed his position concerning the ownership of the Pembroke house because he stood to benefit from this change in position.

In order to reverse the trial court's order, we must conclude it is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Loeffler*, 211 S.W.3d at 347-48. We are unable to reach such a conclusion here. Based on the record before us, the trial court could have determined the OAG's intervention was frivolous, unreasonable, or without foundation, and awarded Della relief under chapter 105 of the Civil Practice and Remedies Code. We hold the trial court did not abuse its discretion in granting Della's motions for sanctions/attorney's fees.

### CONCLUSION

The trial court's order is affirmed.

Karen Angelini, Justice