**AFFIRMED; Opinion Filed February 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00133-CV

### GREGORY B. BATEN TRUST, Appellant
### V.
### BRANCH BANKING AND TRUST COMPANY AND RICHARD W. HEATH, Appellees

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-08390**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Gregory B. Baten Trust (Trust) filed a petition in intervention in a garnishment action. The trial court subsequently granted an order striking Trust's intervention. In eight issues, Trust appeals the trial court's order striking its intervention and the trial court's final judgment. We affirm the trial court's judgment.

Branch Banking and Trust Company (BB&T) filed an application for a post-judgment writ of garnishment. In its application, BB&T alleged it had a final judgment against Britannia Construction, LLC. BB&T claimed Richard Heath, the garnishee, had effects belonging to Britannia, and BB&T sought a writ of garnishment against Heath to satisfy BB&T's existing judgment. BB&T asserted that Mark Godson was Britannia's registered agent. In his answer, Heath acknowledged he was indebted to Godson in the amount of $178,000.

Trust sought to intervene in BB&T's garnishment action. In its amended petition in intervention, Trust alleged Godson agreed to sell his house to Heath, and, as part of the sale of the house, Godson and Heath executed an ancillary "Chattel Contract." Pursuant to the Chattel Contract, Heath was to pay Godson $200,000 (later reduced to $178,000) for certain furnishings, antiques, and other chattel associated with the house.

Trust further alleged "Godson and/or Britannia" owed Trust approximately $185,000. To secure the debt, Trust previously had a lien on the house Godson sold to Heath. Prior to closing on the sale of the house, the title company required a release of lien from Trust, and Trust released its lien on the house. In exchange, Trust alleged, "Godson and/or Britannia had an agreement with Trust to pay Trust $100,000 of the Chattel Contract proceeds at closing." Trust asserts it never received payment, and claims it is entitled to proceeds from the Chattel Contract—the same money BB&T sought to garnish. In its petition in intervention, Trust alleged:

> Trust is entitled to file this petition because Trust had a valid lien on the House which Trust was improperly induced to release, and Trust has a claim relative to the Chattel Contract and its proceeds; there are existing unresolved claims before the Court relative to the proceeds of that Chattel Contract as well as the propriety of Trust's release of lien on the House. It is reasonably believed that the $178,000 admitted to by Heath in his answer, are the proceeds of the Chattel Contract. Those funds have not, to Trust's knowledge, been delivered to BB&T and are not otherwise in the possession or control of BB&T – it is reasonably believed that Heath is still in possession of those funds. . . . Accordingly, right of ownership and/or possession of the Chattel Contract proceeds is still in dispute and before the Court; Trust claims an interest in those same funds as well as well as [sic] independent claims against the parties relative to the House and Chattel Contract.

Trust also filed a motion to deposit garnished funds into the registry of the court and, alternatively, to dissolve or modify the writ of garnishment for the purpose of placing garnished funds into the registry of the court. Trust attached the affidavit of Gregory B. Baten to the motion. In the affidavit, Baten averred that Godson owed Trust $181,400, Trust released its lien on the house, Trust believed it would receive $100,000 from the proceeds of the Chattel

Contract, Trust was not paid, and Trust believed the money it was owed was part of the funds held by Heath. Baten's affidavit states that before the sale of the house, "Godson and I had an agreement and contract that Godson would pay the Trust $100,000 of the Chattel Contract proceeds, as payment against the $181,400 that Godson owes the Trust. . .Trust would not have released its lien on the House but for the representations and agreement of all parties to the House closing, [sic] that Trust would receive $100,000 of the Chattel Contract proceeds and that said $100,000 would be paid and delivered to Trust."

BB&T filed a motion to strike Trust's petition in intervention. Heath joined BB&T's motion. The trial court granted the motion to strike. Subsequently, the trial court entered a final agreed judgment on the garnishment action, ordering BB&T recover funds from Heath. This appeal by Trust followed.

In its fourth issue, Trust argues the trial court abused its discretion by striking its petition in intervention. Trust asserts the Baten affidavit proves its ownership of or interest in the garnished funds. Trust asserts it could have brought suit against Heath in its own right and as the sole plaintiff because it was due $100,000 of the funds held by Heath, but belonging to Godson.

We review the ruling on a motion to strike a plea in intervention for an abuse of discretion. *See Brauss v. Triple M Holding GmbH*, 411 S.W.3d 614, 630 (Tex. App.—Dallas 2013, pet. denied) (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990)); *Dibon Solutions, Inc. v. Martinair Holland N.V.*, No. 05-11-01586-CV, 2013 WL 6671503, at *5 (Tex. App.—Dallas Dec. 18, 2003, pet. denied) ("Because a trial court has broad discretion in determining whether to strike an intervention. . ."). A trial court abuses its discretion if it acts without reference to any guiding rules and principles, or acts in an arbitrary and unreasonable fashion. *Brauss*, 411 S.W.3d at 630 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Once a motion to strike is filed, the intervenor has the burden to show a justiciable interest in the pending suit. *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) (per curiam). "To constitute a justiciable interest, the intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought in the original suit. In other words, a party may intervene if the intervenor could have brought the pending action, or any part thereof, in his own name." *Id.* (internal quotations and citations omitted). A person also can intervene "if the action had been brought against him he would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990). The intervening party must also show the intervention will not complicate the case by an excessive multiplication of issues and the intervention is almost essential to protect the intervenor's interest. *Id.* The interest asserted by the intervenor may be legal or equitable. *Id.* A person who claims ownership of the garnished property may intervene and prove it owns the property. *Exterior Bldg. Supply, Inc.,* 270 S.W.3d 769, 771-72 (Tex. App.—Dallas 2008, no pet.) (intervenor claiming ownership properly asserted it was a distinct entity from judgment debtor, owned the garnished funds, and was not indebted to creditor).

Trust bore the burden to show it had a justiciable interest in the garnishment action; it was required to show it could have brought the garnishment action in its own name or it could have defeated all or part of the recovery had the action been brought against it.[1] Trust's asserted

---

[1] The civil practice and remedies code also outlines when a writ of garnishment is available:

> A writ of garnishment is available if:
> (1) an original attachment has been issued;
> (2) a plaintiff sues for a debt and makes an affidavit stating that:
>     (A) the debt is just, due, and unpaid;
>     (B) within the plaintiff's knowledge, the defendant does not possess property within Texas subject to execution sufficient to satisfy the debt; and
>     (C) the garnishment is not sought to injure the defendant or the garnishee; or

interest in the garnishment is its claim that Godson agreed he would pay Trust $100,000 of the Chattel Contract proceeds and, without that promise from Godson, Trust would not have released its lien on Godson's house. Trust does not claim it is a party to the Chattel Contract or a third party beneficiary of the Chattel Contract; Trust does not claim an original attachment has been issued; Trust does not claim it has sued Godson for failure to pay the money as promised or that it has a valid, subsisting judgment against Godson; and Trust does not claim its agreement with Godson created a secured interest in the proceeds of the Chattel Contract. While Trust's assertions may support a legal action by Trust against Godson to recover on the alleged debt, the trial court did not act outside its broad discretion by determining Trust's claims are insufficient to show ownership of or an equitable interest in the money held by Heath such that Trust was entitled to intervene in the garnishment action.

Under these facts, the trial court could have concluded that Trust could not have brought the pending garnishment action, or any part thereof, in its own name, and could not have defeated an action against it. *See In re Union Carbide Corp.*, 273 S.W.3d at 155; *Guar. Fed. Sav. Bank,* 793 S.W.2d at 657. Thus, the trial court acted within its discretion by determining Trust failed to meet its burden to show it has a justiciable interest in the garnishment and Trust was not a proper intervenor. We conclude the trial court did not abuse its discretion by granting BB&T's motion to strike Trust's intervention.

We overrule Trust's fourth issue.

Each of Trust's remaining seven issues make arguments about BB&T's application for the writ of garnishment, Heath's answer, Heath's joinder motion, and the trial court's ruling on evidentiary objections made by Trust. We need not address any of these remaining issues. An

---

(3) a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX. CIV. PRAC. & REM. CODE ANN. § 63.001.

order striking an intervention completely disposes of the intervenor's interest in the suit and dismisses the intervenor from the suit such that the intervenor cannot appeal other complaints about the judgment. Once Trust was stricken from the suit, it was no longer a party to the suit and it no longer had an interest in the suit. Because Trust is not a party to this suit, it cannot appeal its remaining complaints about the trial court proceedings. *See, generally, In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) ("Generally, only parties of record may appeal a trial court's judgment."); *Lapiner v. Maimon*, 429 S.W.3d 816, 820 (Tex. App.—Houston [14th Dist.] 2014, pet. filed); *Johnson v. Crook*, 93 S.W.3d 263, 268-69 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[A]n intervenor is a party for purposes of appeal only if (1) she timely files a pleading, and (2) the trial court does not strike the pleading before the entry of a final judgment.")).

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

140133F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY B. BATEN TRUST, Appellant

No. 05-14-00133-CV      V.

BRANCH BANKING AND TRUST
COMPANY AND RICHARD W. HEATH,
Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-08390.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Branch Banking and Trust Company and Richard W.
Heath recover their costs of this appeal from appellant Gregory B. Baten Trust.


Judgment entered this 10th day of February, 2015.