**Affirmed and Opinion filed March 24, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00066-CV

## TRIPLE P.G. SAND DEVELOPMENT, LLC ET AL, Appellants

## V.

## STEVEN NELSON, ET AL, Appellees

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2020-10361**

## OPINION

This permissive appeal arises from an MDL master file styled *In re: Harvey Sand Litigation*. Appellants appeal the MDL pre-trial court's amended order denying their Rule 91a motion to dismiss. We affirm.

## I.  Background

### A.  Litigation arising from flooding after Hurricane Harvey

This suit is one of three lawsuits involving a total of over 1,600 plaintiffs making the same claims against over fifty defendants, arising from flooding that occurred in and around the San Jacinto River Basin, near Houston, Texas, in August 2017, during and in the immediate aftermath of Hurricane Harvey. Homeowners and other property owners contend that Hurricane Harvey flooding damages were caused or exacerbated by decreased capacity of the San Jacinto River Basin due to alleged wrongful sand and sedimentation attributable to the various companies' properties or operations (hereinafter the "San Jacinto Companies") near the San Jacinto River, Spring Creek, and/or Lake Houston. The San Jacinto Companies are the defendants in each lawsuit, but the plaintiffs are different sets of hundreds of individual property owners.

The three lawsuits were transferred to an MDL pre-trial court in May 2020 under the master file *In Re: Harvey Sand Litigation*, Cause No. 2020-48333 in the 281st District Court, Harris County. The three cases transferred to the MDL pre-trial court are:

- The "Ellisor Lawsuit" filed September 21, 2018 styled *John Earl Ellisor v. Hanson Aggregates, LLC et al.*, Cause No. 2018-66557 in the 11th District Court, Harris County, Texas, with 474 plaintiffs.
- The "Del Pino Lawsuit" filed February 7, 2020, styled *Eduardo Del Pino v. Hanson Aggregates, LLC et al.*, Cause No. 2020-08901 in the 129th District Court, Harris County, Texas, with 876 plaintiffs.
- The "Nelson Lawsuit" filed February 13, 2020, styled *Steven Nelson et al. v. Hanson Aggregates, LLC, et al.*, Cause No. 2020-10361 in the 270th District Court, Harris County, Texas, with 250 plaintiffs.

This permissive interlocutory appeal arises from the Nelson Lawsuit.

2

## B.    The Nelson Lawsuit

In August 2019, appellees (the "Nelson Homeowners"), days before expiration of the statute of limitations, filed a petition in intervention in the previously filed Ellisor Lawsuit, which was pending in the 11th District Court of Harris County.  The San Jacinto Companies moved to strike the petition in intervention, arguing that the Nelson Homeowners lacked a justiciable interest in the Ellisor Lawsuit.  The trial court in the Ellisor Lawsuit struck the Nelson Homeowners' petition in intervention on December 16, 2019.

Thereafter, on February 13, 2020, the Nelson Homeowners filed an original petition, which was assigned to the 270th District Court of Harris County.  A few months later, in May 2020, the Nelson Lawsuit was transferred to an MDL pre-trial court for pre-trial management.

On September 8, 2020, the San Jacinto Companies filed a motion to dismiss pursuant to Rule 91a, asserting that the Nelson Homeowners' claims are barred by the statute of limitations because their original petition was filed nearly six months after the expiration of the applicable two-year limitations period.  In their first amended petition, filed on September 23, 2020, the Nelson Homeowners asserted that their original petition was timely filed, asserting the tolling provision in Section 16.064 of the Texas Civil Practice and Remedies Code.

The San Jacinto Companies argued that Section 16.064 did not apply to toll the statute of limitations because (1) the Nelson Homeowners' petition in intervention was not dismissed for lack of jurisdiction; and (2) the action was not refiled in a different court as required to trigger the tolling provision of Section 16.064.

3

In their response to the motion to dismiss, the Nelson Homeowners claimed that the dismissal of their intervention for lack of justiciable interest amounts to a dismissal for lack of jurisdiction, and that the assignment of the suit to a different judicial district within Harris County constitutes a "different court" within the meaning of the tolling provision of Section 16.064. Alternatively, the Nelson Homeowners moved for limited reconsideration of the Ellisor order striking their petition in intervention. The Nelson Homeowners requested the MDL court to revise the order striking intervention for the limited purpose of treating it as an original petition.

On October 15, 2020, the MDL judge denied the San Jacinto Companies' Rule 91a motion to dismiss the Nelson Homeowners' claims. The San Jacinto Companies moved for an amended order on the Rule 91a motion to dismiss (limitations) to permit an application for interlocutory appeal under Sections 51.014(d) and (f) of the Texas Civil Practice and Remedies Code. On January 15, 2021, the MDL judge signed an amended order denying the Rule 91a motion to dismiss, concluding that "though Plaintiffs' claims were filed more than two years after their causes of action accrued, the tolling principles of Tex. Civ. Prac. & Rem. Code § 16.064 preserve Plaintiffs' claims." The MDL judge expressly found

> that Tex. Civ. Prac. & Rem. Code § 16.064 applies because (1) Plaintiffs' attempted intervention was stricken for lack of justiciable interest which is tantamount to a dismissal for "lack of jurisdiction" as that phrase is used in Tex. Civ. Prac. & Rem. Code § 16.064, and (2) after Plaintiffs' intervention was stricken in a district court, it was refiled in a "different court" of proper jurisdiction as that term is used in Tex. Civ. Prac. & Rem. Code § 16.064.

Pursuant to Rule 168 of the Texas Rules of Civil Procedure and Section 51.014 of the Texas Civil Practice and Remedies Code, the MDL judge granted the San

4

Jacinto Companies permission to pursue an interlocutory appeal of this amended order, as to the following controlling question of law.[1]

> Controlling Question of Law: Where a district court strikes an attempted intervention for lack of justiciable interest and the putative intervenor subsequently files an original petition in the same county, which is assigned to a different judicial district than the original suit, is the striking of the petition in intervention a dismissal for "lack of jurisdiction" and is the second suit filed in a "different court" as those terms are used in Tex. Civ. Prac. & Rem. Code § 16.064, such that the statute of limitations is tolled to preserve the putative intervenor's claims?

## C.    Permissive appeal

The San Jacinto Companies/Appellants filed an unopposed petition for permissive interlocutory appeal from the January 15, 2021 amended order. We granted the petition for permissive interlocutory appeal as to the identified controlling question set forth above. *See* Tex. Civ. Prac. & Rem. Code § 51.014(f); *see also* Tex. R. App. P. 28.3. We therefore proceed to address the certified question, considering each part in turn.

---

[1]    In the amended order, the MDL judge observed that an immediate appeal may materially advance the ultimate resolution of a substantial portion of the MDL litigation. The MDL court reasoned as follows:

> . . .if section 16.064 does not apply to toll limitations, Plaintiffs' claims in the Del Pino Lawsuit and the Nelson Lawsuit are barred by the statute of limitations. If they are barred, the claims of the 876 Plaintiffs in the Del Pino Lawsuit and 250 Plaintiffs in the Nelson Lawsuit will be resolved without the need for any further discovery by Plaintiffs or by Defendants. Resolution of over seventy percent of the pending claims in the MDL litigation would be a material advancement in the ultimate termination of the litigation.

## II. Analysis

### A. Standard of review

"Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact." *San Jacinto River Auth. v. Brocker*, No. 14-18-00517-CV, 2021 WL 5117889, at *3 (Tex. App.—Houston [14th Dist.] Nov. 4, 2021, no pet. h.) (citing Tex. R. Civ. P. 91a.1). Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.' " *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (quoting Tex. R. Civ. P. 91a.6).

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75–76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine whether the cause of action has a basis in law and fact. *Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

### B. Statute of limitations

The parties do not dispute that the Nelson Homeowners' cause of action accrued in August 2017; that the two-year statute of limitations expired in August

2019; and that the Nelson Homeowners filed their original petition in the 270th District Court in February 2020. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (two-year limitations period). It also is undisputed that the Nelson Homeowners filed their petition in intervention in the 11th District Court of Harris County in August 2019, within the applicable statute of limitations.

The San Jacinto Companies moved for a Rule 91a dismissal, arguing that the petition on its face was barred by the statute of limitations. The Nelson Homeowners asserted that the limitations period was tolled by virtue of Section 16.064 of the Texas Civil Practice and Remedies Code.

## C. Section 16.064 tolling

Section 16.064, which is entitled "Effect of Lack of Jurisdiction," provides:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a *different court* suspends the running of the applicable statute of limitations for the period if:

(1) because of *lack of jurisdiction* in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

(b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

Tex. Civ. Prac. & Rem. Code § 16.064 (emphasis added).

### 1. Striking the petition in intervention for lack of justiciable interest constituted a dismissal for lack of jurisdiction

The San Jacinto Companies argue that their motion to dismiss should have been granted because the tolling statute does not apply. The San Jacinto

7

Companies maintain that the Nelson Homeowners' petition in intervention previously filed in the Ellisor Lawsuit was dismissed for lack of a justiciable interest, not for lack of jurisdiction, which precludes application of Section 16.064. The Nelson Homeowners argue that justiciable interest in the context of intervention is a question of jurisdiction. In reply, the San Jacinto Companies assert that under Texas law, the striking of a petition in intervention for a lack of justiciable interest is never a dismissal for lack of jurisdiction, because it is not a dismissal attributable to any absence of power by the court.

Because Section 16.064 does not define the term "jurisdiction," we look to its common, ordinary meaning unless a contrary meaning is apparent from the statute's language. *See Powell v. City of Houston*, 628 S.W.3d 838, 843–44 (Tex. 2021) (citing *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34 (Tex. 2017)). "To determine this meaning, 'we typically look first to dictionary definitions . . . .' " *Powell*, 628 S.W.3d at 844 (citing *Tex. State Bd. of Exam'rs of Marriage & Family Therapists*, 511 S.W.3d at 35). Within the context of judicial proceedings, "jurisdiction" generally is defined as "a court's power to decide a case or issue a decree." *Jurisdiction*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Next, we consider the term's usage in other contexts, such as court decisions. *See Powell*, 628 S.W.3d at 844 (citing *Tex. State Bd. of Exam'rs of Marriage & Family Therapists*, 511 S.W.3d at 35). The Texas Supreme Court's decision in *In re Union Carbide Corp.*, 273 S.W.3d 152 (Tex. 2008), sheds further light on the issue before us. In *Union Carbide*, the Supreme Court explained that "the 'justiciable interest' requirement defined the category of non-parties" who could intervene in a pending case. *Id*. at 154–56. If a party demonstrates a justiciable interest in the suit, the trial court has broad discretion to determine

whether a plea in intervention should be struck on the ground that allowing intervention would excessively complicate the case. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). On the other hand, however, a trial court has "no discretion" to allow an intervention by a party that lacks a justiciable interest. *Union Carbide*, 273 S.W.3d at 156. The *Union Carbide* holding underscores that the "justiciable interest" inquiry in the context of intervention is a question of jurisdiction because the trial court had no discretion to act in the absence of a justiciable interest. *See id*.

To the extent the San Jacinto Companies argue Section 16.064's applicability is limited to dismissals involving lack of subject matter or personal jurisdiction, we disagree. We have recognized that the tolling provision in Section 16.064 applies when a court declines to exercise its jurisdiction under analogous circumstances. In the context of a federal court's refusal to exercise supplemental jurisdiction over a pendent state law claim, we held that such a refusal is "tantamount to dismissal for lack of jurisdiction as required in [Section] 16.064." *Kaplan v. Clear Lake City Water Auth.*, No. C14-91-01344-CV, 1992 WL 383881, at \*5 (Tex. App.—Houston [14th Dist.] Dec. 23, 1992, writ denied) (not designated for publication); *see also Vale v. Ryan*, 809 S.W.2d 324, 326 (Tex. App.—Austin 1991, no writ) (same); *Cf. Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009) (holding held that "[w]hen a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)). Although the dismissal of the state claims by the federal court was a discretionary ruling, we held that Section 16.064 applied to those claims. *Kaplan*, 1992 WL 383881, at \*5.

Here, *Union Carbide* divested the 11th District Court of its discretion, requiring the trial court to strike the Nelson Homeowners' petition due to intervenor's lack of a justiciable interest or standing in the outcome of the original Ellisor Lawsuit. *See* 273 S.W.3d at 154. Because the 11th District Court lacked power to act, the non-discretionary striking of the petition in intervention was jurisdictional. Accordingly, we conclude that the 11th District Court's striking the Nelson Homeowners' petition in intervention amounted to dismissal for lack of jurisdiction as required in Section 16.064. *See* Tex. Civ. Prac. & Rem. Code § 16.064(a)(1).

2. **Filing a second petition in another judicial district court in Harris County constituted a "different court" such that the statute of limitations was tolled**

The San Jacinto Companies assert the Nelson Homeowners did not invoke the tolling statute, arguing that filing two cases in the Harris County District Court (that were assigned to different judicial districts with different judges by happenstance) is not the same as filing a second lawsuit in a "different court." The Nelson Homeowners maintain that Section 16.064 tolled the statute of limitations because their second lawsuit, which was filed in the 270th District Court of Harris County, was filed in a "different court" than the petition in intervention, which was filed in the 11th District Court of Harris County.

"Different court" is not defined in Section 16.064; thus, we look to other statutes for guidance. *See Powell*, 628 S.W.3d at 844 (citing *Tex. State Bd. of Exam'rs of Marriage & Family Therapists*, 511 S.W.3d at 35). Three statutes and rules are applicable to the determination of whether in a county, such as Harris County, that has multiple district courts, the district courts constitute "different courts" for purposes of the tolling statute.

10

Texas Rule of Civil Procedure 330, "Rules of Practice and Procedure in Certain District Courts," provides in pertinent part:

> (e). Exchange and Transfer. Where in such county there are two or more district courts having civil jurisdiction, the judges of such courts may, in their discretion, . . . transfer cases and other proceedings from one court to another, and any of them may in his own courtroom try and determine any case or proceeding pending in another court without having the case transferred . . . and every judgment and order shall be entered in the minutes of the court in which the case is pending and at the time the judgment or order is rendered. . . .

Tex. R. Civ. P. 330(e).

Section 24.003 of the Texas Government Code, "Transfer of Cases; Exchange of Benches," provides that in counties with two or more districts that a district judge in the county may assist another court in several ways, including:

> (1) except as provided by Subsection (b-1), transfer any civil or criminal case or proceeding on the court's docket, other than a case governed by Chapter 155, Family Code, to the docket of another district court in the county;
>
> (2) hear and determine any case or proceeding pending in another district court in the county without having the case transferred;
>
> (3) sit for another district court in the county and hear and determine any case or proceeding pending in that court;
>
> (4) temporarily exchange benches with the judge of another district court in the county;
>
> (5) try different cases in the same court at the same time; and
>
> (6) occupy the judge's own courtroom or the courtroom of another district court in the county.

Tex. Gov't Code § 24.003(b).

11

The Rules of Civil Trial Division, Harris County District Courts, recognize that separate district courts exist in Harris County. "Rule 3, Flow of Cases," provides in relevant part:

> 3.1 FILING AND ASSIGNMENT. On being filed, a case in the Civil Trial Division shall be assigned randomly to the docket of one of the courts in that Division. Once assigned to a court, a case will remain on the docket of that court for all purposes unless transferred as provided in Rule 3.2.
>
> 3.2.5 Agreement. Any case may be transferred from one court to another court by written order of the Administrative Judge of the Civil Trial Division or by written order of the judge of the court from which the case is transferred; provided, however, that in the latter instance the transfer must be with the written consent of the court to which the case is transferred.
>
> 3.2.7 Administrative Transfers. The Administrative Judge of the Civil Trial Division may transfer cases between courts or may assign cases from one court to another court for hearing due to illness, trial schedule, or other sufficient reasons.

*See,* HARRIS COUNTY (TEX.) CIV. DIST. CT. LOC. R. 3.1, R. 3.2.5, R. 3.2.7.[2]

With respect to this case, the 11th District Court and the 270th District Court both sit in Harris County. Rule 330(e) of the Texas Rules of Civil Procedure, Section 24.003(c) of the Texas Government Code, and local Harris County District Court rules permit judges from *another court* to hear each other's civil cases. While the individual district courts maintain concurrent jurisdiction, as a matter of law they are not the same court. Any attempt to transform the numerous individual district courts created by the Texas Legislature into a single county-wide court ignores their very formation. As such, we conclude that the 11th District Court of Harris County and the 270th District Court of Harris County constitute "different courts" such that under Section 16.064 the statute of limitations was tolled by the

---

[2] *See* https://www.justex.net/courts/civil/LocalRules.aspx (last visited Mar. 11, 2022).

Nelson Homeowners' filing the second petition. *See* Tex. Civ. Prac. & Rem. Code § 16.064(a).

## III. Conclusion

We accepted this permissive appeal to answer the MDL court's controlling legal question identified in its January 15, 2021 amended order denying the San Jacinto Companies Rule 91 motion to dismiss. For the reasons set forth above, we answer the certified question in the affirmative. Accordingly, we affirm the MDL court's amended order denying the San Jacinto Companies Rule 91a motion to dismiss based on limitations.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Wilson.

13