**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00099-CV**

_____

**IN RE CHRISTUS HEALTH SOUTHEAST TEXAS**

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. 25-DC-CV-1411**

**MEMORANDUM OPINION**

By petition for a writ of mandamus, Relator CHRISTUS Health Southeast Texas ("Christus") seeks relief from an order striking its Petition in Intervention. We deny mandamus relief.

Anesthesia Associates Group, PLLC d/b/a Anesthesia Associates (AA) sued Chad R. Dubois, Kenneth D. Simmons III, Monica Bentzen, and Lance T. Mendoza for breach of contract after the four Certified Registered Nurse Anesthetists (CRNAs) left AA for another anesthesia group. At the time, AA had written employment contracts with each of the CRNAs which had certain noncompetition

provisions. Christus and AA previously had a contractual arrangement in place wherein AA provided CRNAs to Christus. That contract expired and was not renewed and Christus decided to expand its relationship with a competitor of AA, EmergencHealth PLLC, EmergencHealth Services PLLC, and EH Management Company LLC (collectively "EmergencHealth"). EmergencHealth then hired four of AA's CRNAs to work for EmergencHealth at Christus in Beaumont, Texas. AA joined the new employer and its affiliated companies as defendants in the lawsuit AA filed against the CRNAs, asserting claims against EmergencHealth for tortious interference with contract and aiding and abetting breach of fiduciary duty. Trial Cause Number 25-DC-CV-1589, *Anesthesia Associates v. Jared Martinez, et al.*, is a separate lawsuit against three additional CRNAs who left AA for EmergencHealth, and it has also been consolidated with Trial Cause Number 25-DC-CV-1411 for discovery purposes only.

AA obtained temporary injunctions prohibiting the CRNA defendants from providing anesthesia services within twenty miles of Beaumont, including at St. Elizabeth Hospital, pursuant to the written employment contracts the CRNAs had with AA.[1] In its trial court pleadings, AA seeks to enforce a covenant not to compete

---

[1] The CRNAs' accelerated appeals are currently before the Court in Appeal Number 09-25-00345-CV, *Dubois v. Anesthesia Associates*, and Appeal Number 09-25-00400-CV, *Martinez v. Anesthesia Associates*. In both accelerated appeals, the Court received briefs from Christus as amicus curiae.

within a twenty-mile radius for three years. Christus filed a petition in intervention seeking a declaratory judgment that the covenant not to compete is void and unenforceable and that it does not prevent the CRNAs from providing services at Christus's facilities in and around Beaumont.

In its motion to strike Christus's petition in intervention, AA argued Christus is not a party to the non-compete agreements, the CRNAs are not Christus employees, Christus did not assert that it would hire the CRNAs but for the non-compete agreements, there was no dispute between AA and Christus, and there was no competent evidence that surgeries were cancelled at St. Elizabeth Hospital due to the absence of the CRNAs. AA argued the continued involvement of Christus in the case has only served to increase the burden of litigation on the parties because there are three sets of lawyers instead of two, the CRNAs are completely aligned with Christus, and the CRNAs have competent counsel.

In its response to the motion to strike, Christus argues the injunction hinders Christus's ability to provide for its patients using otherwise capable and available Beaumont-based CRNAs and its economic interest in its contract with EmergencHealth is directly and negatively affected because it is paying hundreds of thousands of dollars each month in supplemental payments to EmergencHealth due to the increased costs of bringing in CRNAs from outside of Beaumont. Christus argues the real dispute is how the non-compete agreement should be interpreted, it

quickly brought its declaratory judgment action regarding AAs' injunctive claim, and striking the declaratory judgment action creates a real risk that Christus will never be truly heard on the contract interpretation issue that has created substantial inconvenience and cost Christus hundreds of thousands of dollars.

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. A party with a justiciable interest in a pending suit may intervene in the suit as a matter of right. *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding). A party opposing the petition in intervention has the burden to challenge it by filing a motion to strike. *Id.* If a motion to strike is filed, the intervenor has the burden to respond to the grounds stated in the motion to strike by showing that it possesses a justiciable interest in the suit. *Id.* at 155; *see also Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019). A justiciable interest must be such that if the original action had never been commenced and the intervenor had brought the action as the sole plaintiff, it would have been entitled to recover in its own name to the extent at least of a part of the relief sought in the original suit. *In re Union Carbide Corp.*, 273 S.W.3d at 155. It is an abuse of discretion to strike a petition in intervention when the intervenor has a justiciable interest, and allowing the intervention "will not complicate the case by an excessive multiplication of the issues," and "the intervention is almost essential to effectively protect the

4

intervenor's interest." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

Having reviewed the petition for a writ of mandamus and the record submitted with the petition, we cannot say the trial court abused its discretion in striking the intervention, and we conclude that the Relator has not shown that it is entitled to

mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See*

Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on March 11, 2026
Opinion Delivered March 12, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

6